

40 North Central Avenue, 19th Floor
Phoenix, Arizona 85004-4429

Craig W. Phillips, State Bar No. 009245
Direct Dial: (602) 262-5345
Direct Fax: (602) 734-3795
Email: CPhillips@LRLaw.com

Georgia L. Hamann, State Bar No. 027574
Direct Dial: (602) 262-5764
Direct Fax: (602) 734-3916
Email: GHamann@LRLaw.com

Attorneys for Defendants Maricopa County, Cranmer, McLean, and Scarpati

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

Ernest Joseph Atencio, surviving father of Ernest Marty Atencio, individually and on behalf of the following statutory beneficiaries of Ernest Marty Atencio: Rosemary Atencio, surviving mother of Ernest Marty Atencio; Joshua Atencio, surviving son of Ernest Marty Atencio; Joseph Atencio, surviving son of Ernest Marty Atencio; M.A., a minor and surviving son of Ernest Marty Atencio; Michael Atencio, Personal Representative of the Estate of Ernest Marty Atencio; Rosemary Atencio, individually; Joshua Atencio, individually; Joseph Atencio, individually; and M.A., through his Next Friend, Eric Atencio,

                        Plaintiffs,

vs.

Sheriff Joseph Arpaio and Ava Arpaio, husband and wife; Maricopa County, a public entity; Jaime Carrasco and Jane Doe Carrasco, husband and wife; Adrian Dominguez and Jane Doe Dominguez, husband and wife; Christopher Foster and Jane Doe Foster, husband and wife; Anthony Hatton and Jane Doe Hatton, husband and wife; Craig Kaiser and Jane Doe Kaiser, husband and wife; Anthony Scheffner and Jane Doe Scheffner, husband and wife; Jose Vazquez and Jane Doe Vazquez, husband and wife; Jason Weiers and Jane Doe Weiers, husband and wife; Ian Cranmer and Jane Doe Cranmer, husband and wife; William Mclean and Jane

No. 2:12-CV-02376-PGR

**ANSWER OF MARICOPA COUNTY, IAN CRANMER, WILLIAM MCLEAN, AND MONICA SCARPATI ("THE COUNTY DEFENDANTS")**



Doe Mclean, husband and wife; Monica Scarpati and John Doe Scarpati, wife and husband; City of Phoenix, a public entity; Patrick Hanlon and Jane Doe Hanlon, husband and wife; Nicholas French and Jane Doe French, husband and wife,

Defendants.

Defendants Maricopa County (the "County"), Ian Cranmer ("Cranmer"), William McLean ("McLean"), and Monica Scarpati ("Scarpati")[1] (collectively, "the County Defendants") hereby answer and respond to Plaintiffs' Complaint dated October 23, 2012, as follows:

## JURISDICTION AND VENUE

1. No answer is required as to Plaintiffs' paragraph 1.

2. Answering paragraph 2 of the Complaint, the County Defendants deny that jurisdiction and venue is proper in Maricopa County Superior Court, and have therefore consented to removal of this action to Arizona federal district court based on federal question jurisdiction.

## PARTIES

3. The County Defendants incorporate the responses in the above paragraphs as if set forth fully herein.

4. Answering paragraph 4 of the Complaint, the County Defendants admit that Plaintiff Ernest Joseph Atencio ("Atencio") resided in Maricopa County.

5. Answering paragraphs 5 through 9 of the Complaint, the County Defendants lack sufficient knowledge or information regarding the familial relationships

---

[1] As addressed specifically in answering the relevant paragraphs below, Plaintiffs have failed to name the spouses of Cranmer, McLean, and Scarpati, merely using "Jane Doe" and "John Doe," which is inappropriate for federal court. The Federal Rules of Civil Procedure do not provide for the use of fictitious parties. *Wenzel v. Arpaio*, 2009 WL 4154926, * 3 (D. Ariz. 2009) ("Generally, the use of anonymous type appellations to identify defendants is not favored. Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action."); *Tolefree v. Ritz*, 382 F.2d 566, 567 (9th Cir. 1967) (per curiam) (affirming dismissal "as to the fictitious defendants . . . .") (*citing Molnar v. National Broadcasting Company*, 231 F.2d 684, 687 (9th Cir. 1956)). Cranmer, McLean, and Scarpati therefore answer individually.



of the parties or their residences to form a belief regarding the allegations in paragraphs 5 through 9, and therefore deny.

6. Answering paragraph 10 of the Complaint, the County Defendants have no knowledge or information regarding Atencio's Estate, and therefore deny.

7. Answering the portions of paragraphs 11 and 12 of the Complaint which pertain to the County Defendants, the County Defendants admit that Joseph Arpaio ("Arpaio") is the duly-elected Sheriff of Maricopa County in charge of the Maricopa County Sheriff's Office ("MCSO"), and deny all other allegations in said paragraph.

8. The County Defendants admit paragraph 13 of Plaintiffs' Complaint.

9. Answering paragraph 14 of Plaintiffs' Complaint insofar as the allegations pertain to Cranmer, McLean, and Scarpati, the County Defendants admit that these defendants were employed by Maricopa County, but deny that these defendants acted "under color of law." With respect to the MCSO detention officers named (Carrasco, Dominguez, Foster, Hatton, Kaiser, Scheffner, Vasquez, and Weirs), these defendants are represented by separate counsel and will file their answers separately.

10. Paragraphs 15 and 16 pertain to the City of Phoenix and its employees, and therefore do not require a response from the County Defendants.

11. Answering paragraph 17 of Plaintiffs' Complaint as it pertains to the named County Defendants (Cranmer, McLean, and Scarpati and their alleged spouses), Plaintiffs have failed to name the proper parties or to amend the Complaint upon discovery of the existence or names of alleged spouses. Regardless, the County Defendants deny said allegations.

12. Answering paragraph 18 of Plaintiffs' Complaint insofar as it relates to the County Defendants, the County Defendants admit that sheriffs' responsibilities are stated in A.R.S. §§ 11-441 and 31-101, but deny the accuracy of Plaintiff's summary of those statutes.

13. The County Defendants deny paragraph 19 of Plaintiffs' Complaint.



14. Answering paragraph 20 of Plaintiffs' Complaint, the County Defendants admit that a division of the County known as Correctional Health Services ("CHS") provides medical care for the inmates of the Maricopa County jail, but deny the remainder of the allegations in paragraph 20.

15. The County Defendants object to paragraph 21, including its voluminous sub-parts, as violating Fed. R. Civ. Pro. 8 (d)(1). Subject to and without waiving this objection, the County Defendants deny the conclusions listed in paragraph 21 of Plaintiffs' Complaint, and answers its subparts as follows:

    a. The County Defendants admit that a class action was brought in 1977 as Plaintiffs describe in subpart (a) of their paragraph 21, but deny the truthfulness of any allegations made in that case. The Defendants admit that an Amended Judgment was filed as stated, but deny Plaintiff's allegation that the County routinely violates this judgment, that it violated this judgment in this matter. The County Defendants further deny that the allegations in subpart (a) have any bearing on the County Defendants' performance or non-performance of their duties to Plaintiffs in this matter.

    b. The County Defendants admit that the Department of Justice ("DOJ") made the listed allegations in 1996 described in subpart (b) of paragraph 21, but deny the truthfulness of the allegations. The County Defendants further deny that the allegations in subpart (b) have any bearing on the County Defendants' performance or non-performance of their duties to Plaintiffs in this matter.

    c. The County Defendants admit that the DOJ filed an action as stated by Plaintiffs in subpart (c) of paragraph 21, but deny the truthfulness of any allegations made in that action. The County Defendants admit that Settlement Agreement was executed as stated, but deny that this Settlement Agreement was violated. The County Defendants further

4



1 deny that the allegations in subpart (c) have any bearing on the County
2 Defendants' performance or non-performance of their duties to
3 Plaintiffs in this matter.

 d. The County Defendants admit that a court entered Findings of Fact and Conclusions of Law as stated by Plaintiffs in subpart (d) of paragraph 21, but deny the truthfulness of any allegations made in that action. The County Defendants further deny that the allegations in subpart (d) have any bearing on the County Defendants' performance or non-performance of their duties to Plaintiffs in this matter.

 e. The County Defendants admit that a court entered a Second Amended Judgment as stated by Plaintiffs in subpart (e) of paragraph 21, but deny the truthfulness of any allegations made in that action. The County Defendants further deny that the allegations in subpart (e) have any bearing on the County Defendants' performance or non-performance of their duties to Plaintiffs in this matter.

 f. The County Defendants admit that a court entered an order as stated by Plaintiffs in subpart (f) of paragraph 21, but deny the truthfulness of any allegations made in that action. The County Defendants further deny that the allegations in subpart (f) have any bearing on the County Defendants' performance or non-performance of their duties to Plaintiffs in this matter.

 g. The County Defendants admit that a court entered an order as stated by Plaintiffs in subpart (g) of paragraph 21, but deny the truthfulness of any allegations made in that action or order. The County Defendants further deny that the allegations in subpart (g) have any bearing on the County Defendants' performance or non-performance of their duties to Plaintiffs in this matter.



16. The County Defendants object to paragraph 22, including its voluminous sub-parts, as violating Fed. R. Civ. Pro. 8 (d)(1). Subject to, and without waiving this objection, the County Defendants deny paragraph 22 of Plaintiffs' Complaint.

17. The County Defendants object to paragraph 23, including its voluminous sub-parts, as violating Fed. R. Civ. Pro. 8 (d)(1). Subject to, and without waiving this objection, the County Defendants deny the conclusions listed in paragraph 23 of Plaintiffs' Complaint, and answer its subparts as follows:

    a. The County Defendants admit that the DOJ wrote a letter in 1996 as described in Plaintiffs' subpart (a) of paragraph 23, but deny the truthfulness of the allegations listed in that letter. The County Defendants further deny that subpart (a) has any bearing on the County Defendants' performance or non-performance of their duties to Plaintiffs in this matter.

    b. The County Defendants admit that the DOJ commenced an action which led to a Settlement Agreement, as described in Plaintiffs' subpart (b) of paragraph 23, but deny the truthfulness of the allegations made in that action, and deny that the Settlement Agreement was violated. The County Defendants further deny that the allegations of subpart (b) have any bearing on the County Defendants' performance or non-performance of their duties to Plaintiffs in this matter.

18. The County Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' paragraph 24, and therefore deny said allegations.

19. Responding to Plaintiffs' paragraph 25, the County Defendants admit that pretrial detainees may not be punished, but deny that they punished a pretrial detainee in this matter.

20. Responding to Plaintiffs' paragraph 26, Plaintiffs have failed to provide any citation to the claimed holding of the *Graves* court, and the County Defendants therefore lack knowledge or information sufficient to form a belief as to whether this quote is



accurate. Moreover, the County Defendants deny the truthfulness of any such allegation, and deny that such allegation made in a specific, separate case has any bearing on the County Defendants' performance or non-performance of their duties to Plaintiffs in this matter.

21. The County Defendants deny paragraph 27 of Plaintiffs' Complaint.

## **DECEMBER 15, 2011**

22. The County Defendants deny paragraph 28 of Plaintiffs' Complaint.

23. Paragraphs 29-38 of Plaintiffs' Complaint pertain to events witnessed by the Phoenix Police Department and its employees, as well as the alleged conduct of these employees. To the extent that a response is required from the County Defendants, the County Defendants lack knowledge or information sufficient to form a belief regarding paragraphs 29-38 and therefore deny said allegations.

24. Answering the portions of paragraphs 39 and 40 of Plaintiffs' Complaint insofar as these allegations pertain to the County Defendants, the County Defendants admit that Atencio arrived at MCSO's Fourth Avenue jail, and that he was initially kept in an area where detainees wait to go through the medical screening process. To the extent that a response from the County Defendants is required regarding Officer Hanlon's knowledge of Atencio's mental illness, the County Defendants are without sufficient knowledge or information to form a belief regarding this allegation, and therefore deny said allegations.

## **COUNT ONE**

25. The County Defendants incorporate the answers in the paragraphs above as if fully set forth herein.

26. Responding to paragraph 42 of Plaintiffs' Complaint, the County Defendants admit that Scarpati and McLean interacted with Atencio, but affirmatively state that their ability to perform an assessment of him was limited due to his lack of responsiveness and aggressive behavior, and therefore deny Plaintiffs' allegations that Scarpati and McLean "assessed" Atencio.



| | |
|---|---|
| 1 | 27.  Responding to paragraph 43 of Plaintiffs' Complaint, the County Defendants admit that Scarpati and McLean owe certain duties to inmates who are their patients, but deny the remaining allegations in said paragraph as a misstatement of facts and a misstatement of the applicable legal duties. |

27.  Responding to paragraph 43 of Plaintiffs' Complaint, the County Defendants admit that Scarpati and McLean owe certain duties to inmates who are their patients, but deny the remaining allegations in said paragraph as a misstatement of facts and a misstatement of the applicable legal duties.

28.  The County Defendants deny paragraph 44 of Plaintiffs' Complaint.

29.  Responding to paragraph 45 of Plaintiffs' Complaint, the County Defendants admit that Scarpati requested a psychiatric evaluation of Atencio, but deny the remaining allegations in said paragraph.

30.  The County Defendants deny paragraph 46 of Plaintiffs' Complaint.

31.  The County Defendants deny paragraph 47 of Plaintiffs' Complaint. Defendants Scarpati and McLean further deny that they behaved with deliberate and callous indifference to Atencio, or denied him any proper medical treatment.

## COUNT TWO

32.  The County Defendants re-allege and incorporate by this reference the answers set forth in the paragraphs above, as if set forth fully herein.

33.  The County Defendants deny paragraphs 49 and 50 of Plaintiffs' Complaint.

## COUNT THREE

34.  The County Defendants incorporate the answers set forth in the paragraphs above, as if set forth fully herein.

35.  The allegations in paragraphs 52 through 74 of Plaintiffs' Complaint deal with the conduct of the detention officers rather than the County Defendants. With respect to the detention officers named (Carrasco, Dominguez, Foster, Hatton, Kaiser, Scheffner, Vasquez, and Weirs), these defendants are represented by separate counsel and will file their answer separately. To the extent that these allegations relate to the County Defendants, the County Defendants deny that any of their employees or agents breached any duties to Plaintiffs.



## COUNT FOUR

36. The County Defendants incorporate the answers set forth in the paragraphs above, as if set forth fully herein.

37. Responding to paragraph 76 of Plaintiffs' Complaint, the County Defendants admit that detention officers owe certain duties to persons in their custody, but deny that any such duties were breached in this instance, and deny the remainder of Plaintiffs' allegations as a misstatement of applicable legal duties.

38. The County Defendants deny paragraphs 77 through 79 of Plaintiffs' Complaint.

39. Responding to paragraph 80 of Plaintiffs' Complaint, the County Defendants admit that the County has certain duties regarding the conduct of its employees and agents, but deny the remainder of the allegations in paragraph 80 as a misstatement of applicable legal duties.

40. The County Defendants deny paragraphs 81 and 82 of Plaintiffs' Complaint.

## COUNT FIVE

41. The County Defendants incorporate the answers set forth in the paragraphs above, as if set forth fully herein.

42. The County Defendants deny the allegations in paragraphs 84 through 85 of Plaintiffs' Complaint.

## COUNT SIX

43. The County Defendants incorporate the answers set forth in the paragraphs above, as if set forth fully herein.

44. Responding to paragraph 87 of Plaintiffs' Complaint, the County Defendants, McLean, and Cranmer admit that McLean and Cranmer observed Atencio after he was tased, but deny that they performed any evaluation of Atencio and deny the remainder of the allegations in paragraph 87.



45. The County Defendants deny paragraphs 88 and 89 of Plaintiffs' Complaint.

**COUNT SEVEN**

46. The County Defendants incorporate the answers set forth in the paragraphs above, as if set forth fully herein.

47. Responding to paragraph 91 of Plaintiffs' Complaint, the County Defendants admit that certain duties are owed to patients, but deny the remainder of the allegations in paragraph 91 as a misstatement of the facts and of applicable legal duties.

48. The County Defendants deny paragraphs 92 and 93 of Plaintiffs' Complaint.

**COUNT EIGHT**

49. The County Defendants incorporate the answers set forth in the paragraphs above, as if set forth fully herein.

50. The County Defendants deny paragraph 95 of Plaintiffs' Complaint.

51. The County Defendants object to paragraph 23, including its voluminous sub-parts, as violating Fed. R. Civ. Pro. 8 (d)(1). Subject to and without waiving the foregoing objection, the County Defendants deny the allegations and conclusions stated in paragraph 96 of Plaintiffs' Complaint, and answers the subparts as follows:

   a. The County Defendants deny the allegation in subpart (a) of paragraph 96 that the report from Dr. Kathryn A. Burns put the County on notice of any issue pertaining to the events giving rise to this lawsuit, deny the truthfulness of the allegations in the report, and further deny that Dr. Burns' allegations show any breach of the County Defendants' duty with respect to Plaintiffs.

   b. The County Defendants deny the allegation in subpart (b) of paragraph 96 that the supposed statement of Dr. Burns to a separate court established a breach of the County Defendants' duty to Plaintiffs, and deny the truthfulness of the allegations of Dr. Burns.



52. The County Defendants deny the allegations in paragraphs 97 through 99 of Plaintiffs' Complaint.

53. With respect to each allegation contained in Plaintiffs' Complaint not specifically admitted above, the County Defendants either specifically deny the allegation, or deny the allegation because the County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation.

## AFFIRMATIVE DEFENSES

54. The County Defendants allege a failure to state a claim upon which relief can be granted.

55. To preserve this defense and pending discovery, the County Defendants allege the failure to comply with the notice of claim statute.

56. The County Defendants allege that Plaintiffs' claims are barred because Plaintiffs have failed to join an indispensable party.

57. The County Defendants allege that Plaintiffs have asserted claims against certain entities which are non-jural and therefore not subject to suit.

58. The County Defendants allege immunity and qualified immunity.

59. The County Defendants allege privilege and qualified privilege.

60. The County Defendants allege independent, intervening cause to the extent that the injuries, if any, suffered by Plaintiffs were the result of, and were caused solely and proximately by the act, fault, conduct, or negligence of persons or entities other than the Defendants; such negligence, fault, act, or conduct was of a character not reasonably to be expected to happen in the natural sequence of events, and such negligence, fault, act, or conduct was the independent, intervening, and superseding cause, and therefore, the whole proximate cause of any such damages, thus relieving Defendants of any liability.

61. The County Defendants allege that Plaintiffs' alleged injuries and damages, if any, were the result of their own negligence, inattention, assumption of risk, or otherwise wrong or unsafe act; and Plaintiffs' damages should thereby be reduced or



eliminated by their own percentage of negligence and fault under the doctrine of comparative fault.

62. The County Defendants allege that any claim for punitive damages is barred under state law, federal law, and the Constitution of the United States.

63. Other affirmative defenses may come to light during the course of this litigation and, if so, the County Defendants reserve the right to seek leave to amend this Answer to assert such affirmative defenses.

WHEREFORE, having fully answered Plaintiffs' Complaint, the County Defendants pray for judgment dismissing Plaintiffs' Amended Complaint with prejudice, with Plaintiff taking nothing.

DATED this 13th day of November, 2012.

LEWIS AND ROCA LLP

By */s/ Craig W. Phillips*
    Craig W. Phillips
    Georgia L. Hamann
Attorneys for Defendants Maricopa County, Ian Cranmer, William McLean, and Monica Scarpati



**CERTIFICATE OF SERVICE**

I certify that on November 13, 2012, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

Michael C. Manning
Larry J. Wulkan
**STINSON MORRISON HECKER LLP**
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
*Attorneys for Plaintiffs*

Lisa S. Wahlin
**GRAIF BARRETT & MATURA**
1850 North Central Avenue, Suite 500
Phoenix, Arizona 85004
*Attorneys for Defendants Arpaio, Carrasco, Dominguez, Foster, Kaiser, Scheffner, Vazquez, and Weiers*

Kathleen L. Wieneke
**STRUCK WIENEKE & LOVE, PLC**
3100 W. Ray Rd., Suite 300
Chandler, Arizona 85226-2473
*Attorneys for Defendants City of Phoenix, French and Hanlon*

                    */s/ Mary Hastings*