Kathleen L. Wieneke, Bar #011139
Christina Retts, Bar #023798
**STRUCK WIENEKE & LOVE, P.L.C.**
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
kwieneke@swlfirm.com
cretts@swlfirm.com

*Attorneys for Defendants City of Phoenix,
Patrick Hanlon and Nicholas French*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| ERNEST JOSEPH ATENCIO, surviving father of Ernest Marty Atencio, individually and on behalf of the following statutory beneficiaries of Ernest Marty Atencio: Rosemary Atencio, surviving mother of Ernest Marty Atencio; Joshua Atencio, surviving son of Ernest Marty Atencio; Joseph Atencio, surviving son of Ernest Marty Atencio; M.A., a minor and surviving son of Ernest Marty Atencio; and MICHAEL ATENCIO, Personal Representative of the       Estate of Ernest Marty Atencio; and ROSEMARY ATENCIO, individually; JOSHUA ATENCIO, individually; JOSEPH ATENCIO, individually; and M.A., through his Next Friend, Eric Atencio,<br><br>Plaintiffs,<br><br>v.<br><br>SHERIFF JOSEPH ARPAIO and AVA ARPAIO, husband and wife; MARlCOPA COUNTY, a public entity; JAIME CARRASCO and JANE DOE CARRASCO, husband and wife; ADRIAN DOMINGUEZ and JANE DOE DOMINGUEZ, husband and wife; CHRISTOPHER FOSTER and JANE DOE FOSTER, husband and wife; | NO. 2:12-cv-02376-PHX-PGR<br><br>**DEFENDANTS CITY OF PHOENIX, HANLON, AND FRENCH'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL** |

| | |
|---|---|
| 1 | ANTHONY HATTON and JANE DOE HATTON, husband and wife; CRAIG KAISER and JANE DOE KAISER, husband and wife; ANTHONY SCHEFFNER and JANE DOE SCHEFFNER, husband and wife; JOSE VAZQUEZ and JANE DOE VAZQUEZ, husband and wife; JASON WEIERS and JANE DOE WEIERS, husband and wife; IAN CRANMER and JANE DOE CRANMER, husband and wife; WILLIAM MCLEAN and JANE DOE MCLEAN, husband and wife; MONICA SCARPATI and JOHN DOE SCARPATI, wife and husband; CITY OF PHOENIX, a public entity; PATRICK HANLON and JANE DOE HANLON, husband and wife; NICHOLAS FRENCH and JANE DOE FRENCH, husband and wife.<br><br>Defendants. |

Defendants City of Phoenix, Hanlon, and French, for their Answer to Plaintiffs' Complaint, denies each and every, all and singular, of the allegations contained in Plaintiffs' Complaint and each claim for relief which is not expressly admitted or otherwise pled to. Defendant admits, denies, and alleges as follows:

## **JURISDICTION AND VENUE**

1. In answering Paragraph 1, Defendants admit that Plaintiffs have made allegations of violation of the Fourth and Fourteenth Amendments as well as have made claims arising under state law. In so admitting, however, Defendants make no admissions relative to the legal sufficiency of such claims.

2. In answering Paragraph 2, Defendants admit that the majority of the parties are residents of Maricopa County, Arizona and that the events alleged by Plaintiff occurred in Maricopa County. Defendants, however, affirmatively allege that jurisdiction is proper in the United States District Court, for the District of Arizona, as a result of Plaintiffs' federal law claims.

## PARTIES

3. The allegations set forth in Paragraph 3 do not call for a response from these answering Defendants.

4. Defendants admit the allegations set forth in Paragraphs 4, 5, and 6 of Plaintiffs' Complaint.

5. Defendants lack sufficient information to form a belief regarding the allegations set forth in Paragraphs 7, 8, 9, and 10 of Plaintiffs' Complaint and therefore deny the same.

6. The allegations contained in Paragraphs 11, 12, 13, and 14 of Plaintiffs' Complaint are not directed to these answering Defendants and therefore no response is required.

7. In answering Paragraph 15, Defendants admit only that the City of Phoenix is a public municipal corporation formed and designated as such pursuant to the applicable Arizona Revised Statutes. The remaining allegations call for a legal conclusion and therefore no response is required.

8. In answering Paragraph 16, Defendants admit only that Patrick Hanlon and Nicholas French were employees of the City of Phoenix, employed and working as police officers, during the time frames set forth in Plaintiffs' Complaint. The remaining allegations call for a legal conclusion and therefore no response is required.

9. The allegations set forth in Paragraph 17 call for multiple legal conclusions, and/or are not directed to these Answering Defendants and therefore no response is required. To the extent a response is required, Defendants deny the same. Defendants further affirmatively allege that fictitious Defendants are not permissible in federal court.

## FACTUAL ALLEGATIONS

10. The allegations set forth in Paragraphs 18, 19, 20, 21 (including subsections (a), (b), c), (d), (e), (f), (g)), 22 (including subsections (a), (b), (c)), 23 (including subsections (a), (b)), 24, 25, 26, and 27 are not directed to these answering Defendants and no response is required.

**DECEMBER 15, 2011**

11. In answering Paragraph 28, Defendants admit only that Marty Atencio was a pretrial detainee who ultimately passed away. The remaining allegations are not directed to these answering Defendants and therefore no response is required.

12. Defendants admit the allegations set forth in Paragraph 29.

13. In answering Paragraph 30, Defendants admit only that Phoenix Officers observed Marty Atencio to be acting in an unorthodox manner, including using his fingers in a manner that appeared to simulate a firearm. Defendants further admit that that it was concluded that the behavior was bothersome to those who originally called to report Atencio, but not such that Atencio would be arrested at that time and thus he was ushered off the property. Defendants lack sufficient information to form a belief as the truth of the remaining allegations and therefore deny the same.

14. In answering Paragraph 31 of Plaintiffs' Complaint, Defendants admit only that there were not signs that Marty Atencio was a danger to himself or others. Defendants lack sufficient information to form a belief as to the truth of the remaining allegations regarding medication issues and therefore deny the same.

15. In answering Paragraph 32 of Plaintiffs' Complaint, Defendants admit only that Marty Atencio was not acting in an aggressive manner and therefore was ushered off of the 7-11 property.

16. Defendants admit the allegations contained in Paragraph 33 of Plaintiffs' Complaint.

17. Defendants lack sufficient information to form a belief as to the truth of the allegations, as written, in Paragraph 34 of Plaintiffs' Complaint and therefore deny the same.

18. Defendants lack sufficient information to form a belief as to the truth of the allegations, as written, in Paragraph 35 of Plaintiffs' Complaint and therefore deny the same. Defendants affirmatively allege that Phoenix Officers were told that the female felt that Marty Atencio was acting in an aggressive manner towards her.

19. Defendants admit the allegations contained in Paragraph 36.

20. Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 38 of Plaintiffs' Complaint and therefore deny the same.

21. Defendants admit the allegations set forth in Paragraph 39 of Plaintiffs' Complaint.

22. In answering Paragraph 40, Defendants admit only that Officer Hanlon first observed and had contact with Marty Atencio in the area where detainees wait to go through the medical screening process. Defendants deny the allegations related to knowledge of "Marty's mental illness."

**COUNT ONE (Defendants Scarpati and McLean- Fourteenth Amendment/42 U.S.C. § 1983)**

23. The allegations set forth in Paragraphs 41, 42, 43, 44, 45, 46, and 47 are not directed to these answering Defendants and therefore no response is required. To the extent that any of the allegations might be construed as pertaining to the specific claims against these answering Defendants they deny the same.

**COUNT TWO (Defendants Scarpati and McLean- A.R.S. § 12-611)**

24. The allegations set forth in Paragraphs 48, 49, and 50 are not directed to these answering Defendants and therefore no response is required. To the extent that any of the allegations might be construed as pertaining to the specific claims against these answering Defendants they deny the same.

**COUNT THREE (Defendants Hanlon, French, Carrasco, Dominguez, Foster, Hatton, Kaiser, Scheffner, Vazquez, and Weiers-Fourth and Fourteenth Amendment/42 U.S.C. § 1983)**

25. The allegations set forth in Paragraph 51 are not directed to these answering Defendants and therefore no response is required.

26. In answering Paragraph 52, Defendants admit only that Marty Atencio had his mug shot taken. These answering Defendants lack sufficient information to form a belief regarding the truth of the allegations relating to the Detention Officers and therefore deny the same.

27. In answering Paragraph 53, Defendants admit only that Officer Hanlon escorted Marty Atencio to an isolation cell, but do not admit the allegations relative to timing. Defendants lack sufficient information to form a belief as to the truth of the remaining allegations and therefore deny the same.

28. In answering Paragraph 54, Defendants deny the allegations contained therein.

29. In answering Paragraph 55, Defendants cannot admit or deny the allegations as written. Defendants deny that Marty Atencio told Officer Hanlon that he was hurting him, or uttered any language that had the effect of causing Officer Hanlon to believe that there was such an effect on Marty Atencio. Defendants further deny that Officer Hanlon was engaging in any activity designed, or with the effect, of causing harm to Marty Atencio.

30. In answering Paragraph 56, Defendants admit only that Marty Atencio's fingerprints were taken and his handcuffs were removed. Defendants cannot admit or deny the remaining allegations as written. Defendants affirmatively allege that during their interactions with Marty Atencio they were attempting to establish a verbal rapport with him.

31. Defendants deny the allegations contained in Paragraph 57 of Plaintiffs' Complaint.

32. Defendants admit the allegations contained in Paragraph 58 of Plaintiffs' Complaint.

33. Defendants admit the allegations contained in Paragraph 59 of Plaintiffs' Complaint.

34. Defendants deny the allegations contained in Paragraph 60 as written. Defendants affirmatively allege that during their interactions with Marty Atencio they were attempting to establish a verbal rapport with him and gain compliance through verbal commands.

35. Defendants deny the allegations contained in Paragraph 61 of Plaintiffs' Complaint.

36. The allegations set forth in Paragraphs 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, and 72 are not directed to these answering Defendants and therefore no response is required. To the extent that any of the allegations might be construed as pertaining to the specific claims against these answering Defendants they deny the same.

37. Defendants deny the allegations contained in Paragraphs 73 and 74 to the extent that they are directed to them. To the extent the allegations are directed at other Defendants no response is required.

**COUNT FOUR (Defendants Hanlon, French, Carrasco, Dominguez, Foster, Hatton, Kaiser, Scheffner, Vazquez, Weiers, and Maricopa County and the City- A.R.S. § 12-611)**

38. The allegations set forth in Paragraph 75 are not directed to these answering Defendants and therefore no response is required.

39. The allegations set forth in Paragraph 76 call for multiple legal conclusions and therefore no response is required. Defendants deny the use of excessive force.

40. Defendants deny the allegations set forth in Paragraph 77 and 78, to the extent they are directed to these answering Defendants.

41. The allegations set forth in Paragraph 79, to the extent they are directed to these answering Defendants, call for a legal conclusion and therefore no response is required.

42. The allegations set forth in Paragraphs 80, 81, are not directed to these answering Defendants and therefore no response is required.

43. Defendants deny the allegations set forth in Paragraph 82, to the extent they are directed to these answering Defendants.

**COUNT FIVE (Defendants Hanlon, French, Carrasco, Dominguez, Foster, Hatton, Kaiser, Scheffner, Vasquez, and Wiers- Fourteenth Amendment Right to Family Society and Companionship)**

44. The allegations set forth in Paragraph 83 are not directed to these answering Defendants and therefore no response is required.

45. Defendants deny the allegations set forth in Paragraph 84 and 85, to the extent that they are directed to these answering Defendants.

## COUNT SIX (Defendants McLean and Cranmer- Fourteenth Amendment)

46. The allegations set forth in Paragraphs 86, 87, 88, and 89 are not directed to these answering Defendants and therefore no response is required.

## COUNT SEVEN (Defendants McLean and Cranmer- A.R.S. § 12-611)

47. The allegations set forth in Paragraphs 90, 91, 92, and 93 are not directed to these answering Defendants and therefore no responses is required.

## COUNT EIGHT (Defendants Maricopa County and Sheriff Arpaio- Deliberate Indifference to Medical Needs/Conditions of Confinement/Fourteenth Amendment)

48. The allegations set forth in Paragraphs 94, 95, 96 (including subparts (a) and (b)), 97, 98, and 99 are not directed to these answering Defendants and therefore no response is required.

## DEMAND FOR JURY TRIAL

49. Defendants—like Plaintiffs—hereby request and demand a trial by Jury.

## AFFIRMATIVE DEFENSES

50. Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

51. Pursuant to A.R.S. § 12-820.04, Plaintiffs may not claim, or recover, punitive damages on any state law claim made against a governmental entity or governmental employee acting within the course and scope of their employment.

52. Plaintiffs' punitive damages claim against the Defendants, in their official capacity, is barred by *Smith v. Wade*, 416 U.S. 30 (1983); *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981); and *Lancaster Community Hospital v. Antelope Valley Hospital District*, 940 F.2d 397 (9th Cir. 1991).

53. Plaintiffs may have failed to comply with A.R.S. § 12-821.01, the Notice of Claim statute.

54. Defendants are entitled to all privileges and immunities, including qualified immunity, extended to governmental employees and/or entities under federal law as described in *Hunter v. Bryant*, 112 S.Ct. 534 (1991) and *Saucier v. Katz*, 121 S.Ct. 2151 (2001).

55. Defendants are entitled to all privileges and immunities afforded to governmental employees and/or entities under state law, including those privileges and immunities provided in A.R.S. § 12-820, *et seq*.

56. At all times set forth in the Complaint, Defendants were acting reasonably, in good faith, without malice, and based upon probable cause and/or reasonable suspicion.

57. At all times set forth in the Complaint, Defendants' actions were objectively reasonable under the circumstances then existing.

58. Defendants allege that Plaintiffs' injuries may have been caused or contributed to by the actions of non-parties at fault pursuant to A.R.S. §12-2506, including, but not limited to, certain of Marty Atencio's mental health and/or medical providers, to the extent that they may have failed to provide appropriate medical and/or mental health treatment before he was arrested.

59. Discovery may reveal that Marty Atencio, and/or the Plaintiffs, are solely or comparatively at fault for the injuries and damages alleged in the Complaint, thereby reducing or barring any recovery herein by way of comparative negligence.

60. Plaintiffs may have failed to mitigate their damages, thus bring or reducing the recovery against Defendants.

61. Plaintiffs' damages were the result of an intervening/superseding cause or occurred as a result of the negligence of someone other than these answering Defendants.

62. Marty Atencio, and/or Plaintiffs, may have assumed the risk of injury, and/or may have acted in direct and intentional violation of Arizona laws, and/or may have acted intentionally and knowingly, jeopardizing Marty Atencio's safety.

63. To the extent applicable as may be revealed through discovery, Defendants allege the immunities set forth in A.R.S. §§ 12-711, 12-712, and 12-716.

64. Defendants' use of force was justified and privileged under Arizona's justification statutes, including A.R.S. Title 13, Section 400 *et seq.*, including but not limited to §§ 13-403, 13-409, 13-410, 13-411, 13-413, and under *Graham v. Connor*, 490 U.S. 386 (1989) and *Scott v. Harris*, 550 U.S. 372 (2007).

65. Defendants put Plaintiffs on notice that further affirmative defenses may be added in an amended answer after discovery. These defenses may include any defense set forth in Rule 8(d) and/or Rule 12(b), of the Federal Rules of Civil Procedure, or as otherwise allowed by law.

66. WHEREFORE, having fully answered Plaintiffs' Complaint, Defendant requests that Plaintiffs take nothing and that Defendant be awarded his attorney fees pursuant to 42 U.S.C. § 1988, A.R.S. §§ 12-349, 12-350, and 13-420.

DATED this 4th day of January, 2013.

**STRUCK WIENEKE & LOVE, P.L.C.**

By */s/Kathleen L. Wieneke*
Kathleen L. Wieneke
Christina Retts
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
*Attorneys for Defendants City of Phoenix, Patrick Hanlon and Nicholas French*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2013, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Arizona by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system:

Michael C. Manning
Larry J. Wulkan
STINSON MORRISON HECKER LLP
1850 North Central Avenue, Suite 2100
Phoenix, AZ 85004-4584
*Attorneys for Plaintiffs*

Lisa S. Wahlin, No. 013979
GRAIF BARRETT & MATURA, P.C.
1850 North Central Avenue, Suite 500
Phoenix, AZ 85004
*Attorneys for Defendants Arpaio,
Carrasco, Dominquez, Foster, Kaiser,
Sche.ffner,Vazquez, and Weiers*

Craig W. Phillips
LEWIS & ROCA LLP
40 North Central Avenue, Suite 1900
Phoenix, AZ 85004-4429
*Attorneys for Defendants Maricopa
County, Cranmer, Scarpati, and McLean*

By:  */s/ Kim Penny*
2716013