1 Lisa S. Wahlin, No. 013979
**GRAIF BARRETT & MATURA, P.C.**
2 1850 North Central Avenue, Suite 500
Phoenix, Arizona 85004
3 Telephone: (602) 792-5700
Facsimile: (602) 792-5710
4 E-Mail: lwahlin@gbmlawpc.com

5 *Attorneys for Defendants Arpaio,
Carrasco, Dominquez, Foster, Hatton, Kaiser,*
6 *Scheffner, Vazquez, and Weier*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernest Joseph Atencio, surviving father of Ernest Marty Atencio, individually and on behalf of the following statutory beneficiaries, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> Sheriff Joseph Arpaio, et al., <br><br> Defendants. | No. 2:12-cv-02376-PHX-PGR <br><br> **DEFENDANTS ANTHONY AND JANE DOE HATTON'S ANSWER** |

Defendants Anthony and Jane Doe Hatton ("Hatton Defendants") for their Answer to Plaintiffs' Complaint, admit, deny, and allege as follows.

## **JURISDICTION AND VENUE**

1. Answering paragraph 1, Hatton Defendants admit only that Plaintiffs' Complaint purports to allege violations of the United States Constitution and A.R.S. § 12-611, et seq. Hatton Defendants deny that they violated any of Plaintiffs' or decedent Ernest Marty Atencio's constitutional rights and further deny that they are liable under Arizona state law.

2. Answering paragraph 2, Hatton Defendants admit that this Court has jurisdiction and that venue is proper.

///

///

## PARTIES

3. Answering paragraph 3, Hatton Defendants incorporate their answers to all preceding paragraphs.

4. Hatton Defendants admit the allegations in paragraph 4.

5. Hatton Defendants admit that Ernest Marty Atencio was a resident of Maricopa County. Hatton Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 5 and thus deny same.

6. Hatton Defendants admit that Rosemary Atencio was a resident of Maricopa County. Hatton Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 6 and thus deny same.

7. Hatton Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 7 and thus deny same.

8. Hatton Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 8 and thus deny same.

9. Hatton Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 9 and thus deny same.

10. Hatton Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 10 and thus deny same.

11. Hatton Defendants admit the allegations in paragraph 11.

12. Answering paragraph 12, Hatton Defendants admit that Defendant Arpaio was the elected Sheriff of Maricopa County in December 2011. To the extent that paragraph 12 merely sets forth the legal basis for Plaintiffs' claims against Defendant Arpaio, no answer is required and none is given. To the extent that paragraph 12 alleges that Defendant Arpaio is liable under state and/or federal law, Hatton Defendants deny.

13. Hatton Defendants admit that Maricopa County is a public entity and that it may be vicariously liable for the negligent acts of its employees while in the course and scope of their employment. Hatton Defendants deny the remaining allegations in paragraph 13.

14. To the extent that the allegations in paragraph 14 are not directed to these answering defendants, no answer is required and none is given. Hatton Defendants admit that Defendants Carrasco, Dominguez, Foster, Kaiser, Scheffner, Vazquez, and Weiers were employees of Maricopa County on December 16, 2011. Hatton Defendants deny the remaining allegations in paragraph 14.

15. The allegations in paragraph 15 are not directed to these answering defendants and thus no answer is required and none is given.

16. The allegations in paragraph 16 are not directed to these answering defendants and thus no answer is required and none is given.

17. To the extent the allegations in paragraph 17 are directed to defendants other than these answering defendants, no answer is required and none is given. To the extent that the allegations are directed to Hatton Defendants, Hatton Defendants deny.[1]

## FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

18. Hatton Defendants admit that A.R.S. § 11-441(A)(5) states that the sheriff shall "take charge of and keep the county jail . . . and the prisoners in the county jail," and that A.R.S. § 31-101 provides that the county jails shall be kept by the sheriffs of the counties in which they are respectively located. Hatton Defendants deny the remaining allegations in paragraph 18.

19. Hatton Defendants deny the allegations in paragraph 19.

20. Hatton Defendants admit only that Maricopa County has a department known as Correctional Health Services that provides healthcare to prisoners in the county jail. Hatton Defendants deny the remaining allegations in paragraph 20.

### Inhumane and Unconstitutional Health Conditions

21. Hatton Defendants admit only that: (a) in 1977, a class action originally

---

[1] Plaintiffs have not identified the spouses of Defendants Jaime Carrasco, Adrian Dominguez, Christopher Foster, Craig Kaiser, Anthony Scheffner, Jose Vazquez, and Jason Weiers, instead listing them each as "Jane Doe." The naming of fictitious defendants in a complaint is improper; the Federal Rules of Civil Procedure do not provide for fictitious defendants. These "Jane Doe" defendants should be dismissed.

captioned *Hart v. Hill* was brought against Maricopa County, the content of which is a matter of court record; (b) in 1996, Deval Patrick, an attorney with the U.S. Department of Justice Civil Rights Division wrote a letter to the Board of Supervisors Chairman Ed King; (c) in 1999, the United States filed an action against Maricopa County, cause number CV99-2137-PHX-SLV, which was resolved pursuant to a settlement agreement; and (d) – (g) a number of orders and amended judgments have been entered in *Graves v Arpaio*, the content of which are a matter of court record. Hatton Defendants specifically deny that inhumane and/or unconstitutional health conditions are present in the Maricopa County jails, that Hatton Defendants acted with deliberate indifference with respect to Ernest Marty Atencio, and that Hatton Defendants' actions or inactions violated Plaintiffs' and/or Ernest Marty Atencio's constitutional rights. Hatton Defendants specifically deny the truthfulness of the allegations made in the documents referred to in sub-paragraphs (a) through (g). Hatton Defendants further deny that the matters and documents referred to in paragraphs (a) – (g) establish a pattern, practice or history of inhumane and unconstitutional health conditions. Hatton Defendants deny the remaining allegations in paragraph 21.

**Culture of Cruelty and Excessive Force**

22. Hatton Defendants deny that Defendant Arpaio made the statements contained in sub-paragraphs (a) – (c) and allege that, to the extent same or similar statements were made, the statements have been taken out of context and are misrepresented. Hatton Defendants deny that the statements referenced in sub-paragraphs (a) – (c) establish a culture of cruelty or a pattern, practice, or history of excessive force. Hatton Defendants deny that they used excessive force with respect to Ernest Marty Atencio and that a culture of cruelty, or a pattern, practice or history of using excessive force exists in the Maricopa County jails. Hatton Defendants deny the remaining allegations in paragraph 22.

23. Hatton Defendants admit only that: (a) in 1996, Deval Patrick with the U.S. Department of Justice Civil Rights Division wrote a letter to then Board of Supervisors

1 | Chairman Ed King; (b) in 1997, the United States filed an action against Maricopa County, cause number CV97-2273-PHX-RGS, which was resolved pursuant to a settlement agreement. Hatton Defendants deny that the documents referenced in sub-paragraphs (a) and (b) establish a culture of cruelty or a pattern, practice, or history of excessive force. Hatton Defendants deny that there is a pattern, practice, or history of using excessive force in the Maricopa County jails, that unconstitutional conditions exist in the Maricopa County jails with respect to the use of excessive force against inmates, and that excessive force was used with respect to Ernest Marty Atencio. Hatton Defendants deny the remaining allegations in paragraph 23.

24. Hatton Defendants admit only that the population of the Maricopa County jail is comprised of both sentenced and un-sentenced prisoners. Hatton Defendants deny the remaining allegations in paragraph 24.

25. To the extent that paragraph 25 purports to set forth the law under the United States Constitution, no answer is required and none is given. To the extent that paragraph 25 alleges that Hatton Defendants violated Plaintiffs' or Ernest Marty Atencio's rights, Hatton Defendants deny.

26. Hatton Defendants admit that only a number of orders and amended judgments have been issued in *Graves v. Arpaio* and that their content is a matter of court record. Hatton Defendants deny the remaining allegations in paragraph 26.

27. Hatton Defendants deny the allegations in paragraph 27.

**December 15, 2011**

28. Hatton Defendants deny the allegations in paragraph 28.

29. Hatton Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 and thus deny same.

30. Hatton Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 and thus deny same.

31. Hatton Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 and thus deny same.

32. Hatton Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 and thus deny same.

33. Hatton Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 and thus deny same.

34. Hatton Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 and thus deny same.

35. Hatton Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 and thus deny same.

36. Hatton Defendants admit that Ernest Marty Atencio was arrested on or about December 15, 2011. Hatton Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36 and thus deny same.

37. Hatton Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and thus deny same.

38. Hatton Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and thus deny same.

39. Hatton Defendants admit only that Ernest Marty Atencio was brought to the Fourth Avenue Jail. Hatton Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 39 and thus deny same.

40. Hatton Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 and thus deny same.

## COUNT ONE

**(Claim against Defendants Scarpati and McLean under the Fourteenth Amendment and 42 U.S.C. § 1983)**

41. Answering paragraph 41, Hatton Defendants incorporate their answers to all preceding paragraphs.

42. Hatton Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and thus deny same.

43. The allegations in paragraph 43 are not directed to these answering defendants

1  and thus no answer is required and none is given.

44. The allegations in paragraph 44 are not directed to these answering defendants and thus no answer is required and none is given.

45. The allegations in paragraph 45 are not directed to these answering defendants and thus no answer is required and none is given.

46. To the extent that the allegations in paragraph 46 are not directed to these answering defendants, no answer is required and none is given. To the extent that paragraph 46 alleges that Hatton Defendants committed acts of violence, prevented Ernest Marty Atencio from receiving immediate medical treatment, and/or proximately caused Ernest Marty Atencio's death, Hatton Defendants deny.

47. The allegations in paragraph 47 are not directed to these answering defendants and thus no answer is required and none is given.

### COUNT TWO

**(Claims against Defendants Scarpati and McLean under A.R.S. § 12-611)**

48. Answering paragraph 48, Hatton Defendants incorporate their answers to all preceding paragraphs.

49. The allegations in paragraph 49 are not directed to these answering defendants and thus no answer is required and none is given.

50. The allegations in paragraph 50 are not directed to these answering defendants and thus no answer is required and none is given.

### COUNT THREE

**(Claims against Defendants Hanlon, French, Carrasco, Dominguez, Foster, Hatton, Kaiser, Scheffner, Vazquez, and Weiers under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983 – Punishment and Unreasonable Force)**

51. Answering paragraph 51, Hatton Defendants incorporate their answers to all preceding paragraphs.

52. Hatton Defendants admit that photographs of the inmates are taken during the

1  booking process and that one or more photographs were taken of Ernest Marty Atencio. Hatton Defendants deny the remaining allegations in paragraph 52.

53. Hatton Defendants admit that one or more officers from the Phoenix Police Department escorted Ernest Marty Atencio into the linescan room. Hatton Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 53 and thus deny same.

54. Hatton Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 and thus deny same.

55. Hatton Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 and thus deny same.

56. Hatton Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 and thus deny same.

57. Hatton Defendants deny the allegations in paragraph 57.

58. Hatton Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 and thus deny same.

59. Hatton Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 and thus deny same.

60. Hatton Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 and thus deny same.

61. The allegations in paragraph 61 are not directed to these answering defendants and thus no answer is required and none is given.

62. Hatton Defendants deny the allegations in paragraph 62.

63. Hatton Defendants deny the allegations in paragraph 63.

64. Hatton Defendants deny the allegations in paragraph 64.

65. Hatton Defendants deny the allegations in paragraph 65.

66. Answering paragraph 66, Hatton Defendants admit that they were eventually able to gain sufficient control of Ernest Marty Atencio to handcuff him.

67. Hatton Defendants deny the allegations in paragraph 67.

68. Hatton Defendants deny the allegations in paragraph 68.

69. Hatton Defendants admit only that detention officers carried Ernest Marty Atencio into a safe cell. Hatton Defendants deny the remaining allegations in paragraph 69.

70. Hatton Defendants deny the allegations in paragraph 70.

71. Hatton Defendants deny the allegations in paragraph 71.

72. Hatton Defendants deny the allegations in paragraph 72.

73. Hatton Defendants deny the allegations in paragraph 73.

74. Hatton Defendants deny the allegations in paragraph 74.

## COUNT FOUR

**(Claims against Defendants Hanlon, French, Carrasco, Dominguez, Foster, Hatton, Kaiser, Scheffner, Vazquez, Weiers, Maricopa County and the City under A.R.S. § 12-611)**

75. Answering paragraph 75, Hatton Defendants incorporate their answers to all preceding paragraphs.

76. To the extent that paragraph 76 is directed to defendants other than these answering defendants, no answer is required and none is given. To the extent that paragraph 76 is directed to these answering defendants, Hatton Defendants admit only that they had a duty to act as reasonable detention officers under the circumstances. Hatton Defendants deny that their actions or inactions breached any duty to Ernest Marty Atencio and/or to Plaintiffs. Hatton Defendants deny the remaining allegations in paragraph 76.

77. To the extent that paragraph 77 is directed to defendants other than these answering defendants, no answer is required and none is given. To the extent that paragraph 77 is directed to these answering defendants, Hatton Defendants deny.

78. To the extent that paragraph 78 is directed to defendants other than these answering defendants, no answer is required and none is given. To the extent that paragraph 78 is directed to these answering defendants, Hatton Defendants deny.

79. To the extent that paragraph 79 is directed to defendants other than these answering defendants, no answer is required and none is given. To the extent that

9

paragraph 79 is directed to these answering defendants, Hatton Defendants admit only that they were acting within the course and scope of their employment on December 16, 2011. Hatton Defendants deny the remaining allegations in paragraph 79.

80. Hatton Defendants deny the allegations in paragraph 80.

81. Hatton Defendants deny the allegations in paragraph 81.

82. To the extent that paragraph 82 is directed to defendants other than these answering defendants, no answer is required and none is given. To the extent that paragraph 82 is directed to these answering defendants, Hatton Defendants deny.

## COUNT FIVE

**(Claims against Defendants Hanlon, French, Carrasco, Dominguez, Foster, Hatton, Kaiser, Scheffner, Vazquez, Weiers under Fourteenth Amendment and 42 U.S.C. § 1983 – Familial Association)**

83. Answering paragraph 83, Hatton Defendants incorporate their answers to all preceding paragraphs.

84. To the extent that paragraph 84 is directed to defendants other than these answering defendants, no answer is required and none is given. To the extent that paragraph 84 is directed to these answering defendants, Hatton Defendants deny.

85. To the extent that paragraph 85 is directed to defendants other than these answering defendants, no answer is required and none is given. To the extent that paragraph 85 is directed to these answering defendants, Hatton Defendants deny.

## COUNT SIX

**(Claims against Defendants McLean and Cranmer under the Fourteenth Amendment)**

86. Answering paragraph 86, Hatton Defendants incorporate their answers to all preceding paragraphs.

87. Hatton Defendants lack knowledge or information sufficient to form a belief as to the nature of the contact between Defendants McLean and Cranmer and Ernest Marty Atencio and thus deny the allegations as to their actions. Hatton Defendants deny the remaining allegations in paragraph 87.

88. To the extent the allegations in paragraph 88 are directed to defendants other than these answering defendants, no answer is required and none is given. To the extent the allegations are directed to these answering defendants, Hatton Defendants deny.

89. The allegations in paragraph 89 are not directed to these answering defendants and thus no answer is required and none is given.

## COUNT SEVEN

**(Claims against Defendants McLean and Cranmer under A.R.S. § 12-611)**

90. Answering paragraph 90, Hatton Defendants incorporate their answers to all preceding paragraphs.

91. The allegations in paragraph 91 are not directed to these answering defendants and thus no answer is required and none is given.

92. The allegations in paragraph 92 are not directed to these answering defendants and thus no answer is required and none is given.

93. The allegations in paragraph 93 are not directed to these answering defendants and thus no answer is required and none is given.

## COUNT EIGHT

**(Claims against Maricopa County and Sheriff Arpaio under the Fourteenth Amendment – Deliberate Indifference to Medical Needs)**

94. Answering paragraph 94, Hatton Defendants incorporate their answers to all preceding paragraphs.

95. Hatton Defendants deny the allegations in paragraph 95.

96. Hatton Defendants deny the allegations in paragraph 96.

97. Hatton Defendants deny the allegations in paragraph 97.

98. Hatton Defendants deny the allegations in paragraph 98.

99. Hatton Defendants deny the allegations in paragraph 99.

100. Hatton Defendants deny each and every allegation not specifically admitted herein.

# AFFIRMATIVE DEFENSES

For their affirmative defenses, and in the alternative, Hatton Defendants allege as follows.

1. Plaintiffs' Complaint fails to state a claim against Hatton Defendants.

2. Plaintiffs failed to comply with one or more of the notice of claim requirements of A.R.S. § 12-821.01.

3. Neither Hatton Defendants' actions nor inactions violated Plaintiffs' or Ernest Marty Atencio's state or federal constitutional rights.

4. Plaintiffs are barred from recovering punitive damages against Hatton Defendants in their official capacities.

5. Plaintiffs are unable to establish the malicious intent and/or recklessness necessary to establish a claim for punitive damages on the federal claims against Hatton Defendants in their individual capacities.

6. Hatton Defendants did not breach any duty to Plaintiffs or Ernest Marty Atencio, or proximately cause any injuries or damages to Plaintiffs or Ernest Marty Atencio.

7. Hatton Defendants are not liable pursuant to A.R.S. § 12-711.

8. Any damages received by Plaintiffs or Ernest Marty Atencio were the result of an intervening/superseding cause, or occurred as a result of the negligence of someone other than Hatton Defendants.

9. Ernest Marty Atencio was negligent, in whole or in part, thereby reducing or eliminating any damages owed by Hatton Defendants by way of comparative negligence.

10. Hatton Defendants are entitled to the immunities set forth in A.R.S. § 12-820, et seq. on the state claims, qualified immunity on the federal claims, and any other immunities recognized by state or federal law.

11. Although Hatton Defendants do not presently have specific facts in support of the remaining defenses, they wish to put Plaintiffs' counsel on notice that they may raise the following defenses which subsequent discovery may reveal are supported by the facts:

lack of jurisdiction over the subject matter, lack of jurisdiction over the person, duress, estoppel, failure to join an indispensable party, fraud, illegality, laches, res judicata, statute of limitations, insufficiency of process and insufficiency of service of process, and waiver.

WHEREFORE, having fully answered Plaintiffs' Complaint, Hatton Defendants request that this matter be dismissed; that they be awarded their costs incurred herein; and that they be awarded such other and further relief as the Court deems just and proper.

Pursuant to Rule 38, Fed. R. Civ. P., Hatton Defendants demand a jury trial on all triable issues.

DATED this 7th day of January, 2013.

GRAIF BARRETT & MATURA, P.C.

By /s/ Lisa S. Wahlin
   Lisa S. Wahlin
   1850 North Central Avenue, Suite 500
   Phoenix, Arizona 85004
   *Attorneys for Defendants Arpaio,*
   *Carrasco, Dominquez, Foster, Hatton,*
   *Kaiser, Scheffner, Vazquez, and Weiers*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 7, 2013, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF system for filing and transmittal of Notice of Electronic filing to the following CM/ECF registrants:

Michael C. Manning
Larry J. Wulkan
Stinson Morrison Hecker LLP
1850 N. Central Avenue, Suite 2100
Phoenix, Arizona 85004
*Attorneys for Plaintiffs*

Craig W. Phillips
Lewis & Roca LLP
40 N. Central Avenue, Ste. 1900
Phoenix, Arizona 85004-4429
*Attorneys for Defendants Maricopa County, Cranmer, Scarpati, and McLean*

Kathleen L. Wieneke
Struck Wieneke & Love PLC
3100 W. Ray Rd., Suite 300
Chandler, Arizona 85226-2473
*Attorneys for Defendants City of Phoenix, French, and Hanlon*

/s/ Carolyn J. Harrington

4831-7841-3074, v. 1