**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernest Joseph Atencio, et al., | CIV. 12-2376-PHX-PGR |
| Plaintiffs, | **ORDER** |
| v. | |
| Sheriff Joseph Arpaio, et al., | |
| Defendants. | |

Before the Court is Plaintiffs' Motion for Summary Judgment Against Defendant Anthony Hatton Regarding His Use of Excessive Force. (Doc. 72.) Defendants filed a response in opposition (Doc. 90), along with a motion for relief under Rule 56(d) (Doc. 92). For the reasons set forth below, both motions will be denied.

**I.   Background**

Ernest Marty Atencio ("Atencio") was arrested on December 15, 2011, and taken to the Maricopa County Jail.[1] His behavior was erratic, and after struggling with detention officers he was placed in a safe cell. During the struggle detention officers used physical force and deployed a taser to subdue Atencio. While in the safe cell Atencio stopped breathing. He was transported to St. Joseph's Hospital and later pronounced dead.

In their First Amended Complaint, Plaintiffs allege that Defendant Hatton violated Atencio's civil rights by using excessive force, including punching Atencio in the face and dropping his knee onto Atencio's back. (Doc. 50, ¶¶ 64, 70.) Plaintiffs deposed Hatton, who

---

[1] The Court has previously discussed the relevant facts (Doc. 93), and will elaborate on them as necessary.

invoked his Fifth Amendment rights when questioned about his alleged use of excessive force. Plaintiffs contend that the Court may draw an adverse inference from Hatton's silence, which, together with independent corroborating evidence in the form of another detention officer's deposition testimony, entitle them to summary judgment because no material facts remain concerning Hatton's use of excessive force. (Doc. 72.)

In his response Defendant argues that it is inappropriate to draw an adverse inference from his silence because Plaintiffs have other means of access to the information sought in their questions to Hatton and because there are disputed material facts concerning the excessive force claim. (Doc. 90.) They also move under Rule 56(d) to defer a ruling on the summary judgment motion. (Doc. 92.)

## II. Summary Judgment Standard

A court must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party meets its burden, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In assessing whether a party has met its burden, the court views the evidence in the light most favorable to the non-moving party. *See Allen v. City of Los Angeles*, 66 F.3d 1052, 1056 (9th Cir. 1995).

## III. Analysis

"When a party asserts the privilege against self-incrimination in a civil case, the district court has discretion to draw an adverse inference from such assertion." *Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 911 (9th Cir. 2008); *see Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1264 (9th Cir. 2000). Where the issue about which the defendant

- 2 -

is silent is central to the case, a negative inference is appropriate because a "decision not to draw the inference poses substantial problems for an adverse party who is deprived of a source of information that might conceivably be determinative in a search for the truth." *Id.* A negative inference should be drawn when "there is a substantial need for the information and there is not another less burdensome way of obtaining that information." *Id.* at 912. However, "the inference may be drawn only when there is independent evidence of the fact about which the party refuses to testify." *Id.*; *see also SEC v. Colello*, 139 F.3d 674, 678 (9th Cir. 1998) (explaining that an adverse inference is permissible where other evidence corroborated facts about which defendant refused to testify).

Here, the issue as to which Hatton remained silent at his deposition—the details of his use of force against Atencio—is central to the case. The Court agrees with Defendant, however, that the factual information Plaintiffs sought in their deposition questions of Hatton is available through other sources, including Hatton's previous statements, statements from other officers, and video footage of the incident.[2] (*See* Doc. 92, ¶¶ 28–30, 38.)

The Court also finds that notwithstanding any inference that could be drawn from Hatton's silence, Defendant in opposing summary judgment has met his burden of presenting specific facts that show there is a genuine issue for trial. "Determining whether force used in making an arrest is excessive or reasonable 'requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *LaLonde v. County of*

---

[2] In one deposition question Plaintiffs' counsel asked Hatton if he "used excessive force" when he punched Atencio in the face. (Doc. 72 at 7.) An adverse inference is inappropriate here. *See Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1264 (9th Cir. 2000) ("an adverse inference can be drawn when silence is countered by *independent evidence* of the fact being questioned, but that same inference cannot be drawn when, for example, silence is the answer to an allegation contained in a complaint.") (citing *Nat'l Acceptance Co. v. Bathalter*, 705 F.2d 924, 930 (7th Cir. 1983)).

*Riverside*, 204 F.3d 947, 959 (9th Cir. 2000) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). The Ninth Circuit has noted that "[b]ecause [the excessive force inquiry] nearly always requires a jury to sift through disputed factual contentions, and to draw inferences therefrom . . . summary judgment or judgment as a matter of law in excessive force cases should be granted sparingly." *Santos v. Gates*, 287 F.3d 846, 853 (9th Cir. 2002); *see Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir. 2005).

Plaintiffs cite the deposition testimony of Officer Blas Gabriel for their assertion that no material facts are in dispute concerning Hatton's use of excessive force. Officer Gabriel testified that "from [his] point of view" Atencio was defenseless when Hatton hit him in the face and that in his opinion the punch was "inappropriate." (*See* Doc. 73, ¶ 19.) He also testified that he yelled out Hatton's name and tapped him on the shoulder because he believed that it was "not necessary" for Hatton to strike Atencio with his knee and he wanted Hatton to "stop using force against [Atencio]" at that point. (*Id.*, ¶¶ 25, 27.)

The Court finds that these aspects of Officer Gabriel's testimony are not sufficient to eliminate all disputed material facts. As Defendant notes, Gabriel did not witness the entirety of the officers' struggles with Atencio, which was already in progress when he arrived, at about the time the taser was deployed. His testimony also offers details about the resistance Atencio offered before he was finally subdued; for instance, at one point Atencio's handcuffs were loose, attached only to one of his wrists, a situation in which the handcuffs can be used as a dangerous weapon. (Doc. 91, ¶ 36.)

In his response to Plaintiff's summary judgment motion Hatton also includes the transcript of his interview with Internal Affairs detectives. In that an interview, which took place on the day of the incident, Hatton states that Atencio, prior to being tased, grabbed his wrist and would not let go. (*See id.*, ¶¶ 31–33; Doc. 91-1, Ex. 3.) Atencio continued to struggle after being tased, pulling the taser probes out and threatening the officers. (*Id.*) It was during this point in the struggle that Hatton struck Atencio in the head with his fist.

Atencio was then taken to the safe cell, where he continued to struggle. Hatton attempted to subdue him by placing his knee, together with his full body weight, on

- 4 -

1 Atencio's back. (*Id.*, ¶ 37.) According to Hatton, he took this action because Atencio was
2 "continually trying to push up." (Doc. 91-1, Ex. 3 at 19.) This is information consistent with
3 the deposition testimony of Officer French and the Internal Affairs interview with Sgt.
4 Weiers, the officer who tased Atencio. (*See* Doc 91-1, Ex. 1, 4.)

The Internal Affairs report concluded that Hatton's use of a closed fist to strike Atencio was "justified, reasonable," and within Sheriff's Office policies and training. (Doc. 91-1, Ex. 5.) The report concluded that the "knee drop/strike was not necessary" because Hatton "was not able to articulate that he was being assaulted or in serious danger of injury" as required by policy. (*Id.*)

Plaintiffs assert that the deposition of French, the Weiers interview, and the Internal Affairs report constitute inadmissible hearsay which the Court may not consider in ruling on the summary judgment motion. Even without that information, however, the Court finds that Defendant has provided specific facts showing there is a genuine issue for trial. As noted above, excessive force claims are context-specific; one of the factors to consider is the level of resistance offered by the prisoner. Based on the record before it, and viewing the evidence in the light most favorable to Defendant, the Court cannot conclude as a matter law that Hatton's actions were objectively unreasonable in violation of Atencio's civil rights.

**IV.   Conclusion**

For the reasons stated above, the Court finds that it is not appropriate to draw an adverse inference from Hatton's invocation of his Fifth Amendment rights. In addition, Defendant in opposing summary judgment has met his burden of showing that there a materials facts at issue.

Finally, having denied Plaintiffs' summary judgment motion, the Court will deny as moot Defendant's motion for relief under Rule 56(d).[3]

Accordingly,

---

[3] Rule 56(d) of the Federal Rules of Civil Procedure permits a party to resist a summary judgment motion by "show[ing] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to the motion.

1    IT IS HEREBY ORDERED denying Plaintiffs' Motion for Summary Judgment Against Defendant Anthony Hatton Regarding His Use of Excessive Force (Doc. 72).

    IT IS FURTHER ORDERED denying Defendant's Motion for Rule 56(d) Relief (Doc. 92).

    DATED this 15th day of October, 2013.

                              _____
                              Paul G. Rosenblatt
                              United States District Judge