**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernest Joseph Atencio, et al., ) | CIV. 12-2376-PHX-PGR |
| ) | |
| Plaintiffs, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| Sheriff Joseph Arpaio, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Before the Court is Plaintiffs' Motion to Amend First Amended Complaint, filed September 19, 2013. (Doc. 89.) Plaintiffs move to amend their First Amended Complaint to add municipal liability claims against the City of Phoenix for failure to train its officers in recognizing and responding to mental illness. Defendants filed a response in opposition. (Doc. 105.) For the reasons set forth below, the motion is denied.

## BACKGROUND

On December 15, 2011, Phoenix Police Officer Sarah Roberts arrested Ernest Marty Atencio ("Atencio") following an incident in which he reportedly kicked an apartment door and approached a woman and began yelling at her. Atencio was transported to the Fourth Avenue Jail, where county health officers performed a medical screening. Due to Atencio's erratic behavior, they recommended that he be placed in a "safe cell."

Officer Patrick Hanlon then escorted Atencio to the Linescan Room. The first amended complaint alleges that Hanlon used excessive force by leading Atencio "with his hands and arms in a bent position." (Doc. 50, ¶ 54.) When asked to remove his shoes, Atencio tensed up and became physically noncompliant. Hanlon and Officer Nicholas French

began to struggle him physically.[1] (*Id.*, ¶ 60.) Maricopa County detention officers joined the struggle and wrestled Atencio to the ground. During the altercation Sergeant Weirs deployed his taser. (*Id.*, ¶ 63.) The county detention officers subdued Atencio and placed him in a safe cell. They re-entered the room approximately ten minutes later, concerned that Atencio was not breathing. Efforts to revive him failed. He was transported to the hospital and pronounced dead.

On October 23, 2012, Plaintiffs filed a complaint in Maricopa County Superior Court alleging, among other claims, civil rights violations under 42 U.S.C. § 1983. The case was removed to this Court on November 6, 2012. Plaintiffs filed their first amended complaint on May 3, 2013. (Doc. 50.)

**DISCUSSION**

Plaintiffs seek to amend their complaint under Rule 15 of the Federal Rules of Civil Procedure to add federal and state municipal liability claims against the City of Phoenix for its "failure to train Officers Roberts, French, and Hanlon on the recognition of and appropriate response to mental illness and excited delirium." (Doc. 89 at 2.) According to Plaintiffs, they learned during discovery that the City provides training courses entitled "Dealing with the Mentally Ill" and "Excited Delirium." The proposed amended complaint adds two counts alleging that despite the existence of these courses the City failed to provide Officers Roberts, Hanlon, and French adequate training. (Doc. 109 at 5–6.)

**1.     Good cause under Rule 16(b)(4)**

In opposing Plaintiffs' request, Defendants note that the deadline for filing motions to amend, as established in the Court's scheduling order, was May 3, 2013 (Doc. 32), four and a half months before Plaintiffs filed the pending motion. Defendants argue, therefore, that Plaintiff's request must be analyzed under the good cause standard provided by Rule 16(b)(4) rather than the liberal standard for amendment under Rule 15(a).

---

[1] Hanlon and French were Phoenix Police Officers, employed as booking officers at the jail. Officer Roberts is not a defendant.

1     "Once the district court had filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings that rule's standards controlled." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Under Rule 16(b)(4), "[a] schedule may be modified only for good cause shown and with the judge's consent." While a court may take into account any prejudice to the party opposing modification of the scheduling order, "the focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end." *Id.* at 609.

    Plaintiffs contend that they were diligent because they learned the information upon which their new claims are based—i.e., the officers' participation in the training programs offered by the City—only when they deposed the officers. (Doc. 109 at 3; *see* Doc. 89 at 2, 5–6.) Plaintiffs deposed Officer Roberts on June 26, 2013; Officer French on August 6, 2013; and Officer Hanlon on September 9, 2013. The motion to amend was filed September 19, ten days after the Hanlon deposition. Based on this time-line, the Court finds that Plaintiffs were diligent in seeking to amend their complaint based on the information elicited in the depositions.

**2.    Futility of amendment**

    Defendants also argue that amendment should be denied under Rule 15, principally on the grounds that amendment would be futile. "A district court does not err in denying leave to amend where the amendment would be futile . . . or would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991); *see also Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient.").

    The test for futility is whether the amendment can survive a motion to dismiss under Rule 12(b)(6). "A proposed amended complaint is futile if it would be immediately 'subject to dismissal.'" *Nordyke v. King*, 644 F.3d 776, 788 n.2 (9th Cir. 2011) (quoting *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir.1998)), *aff'd on reh'g en banc on other grounds,* 681 F.3d 1041 (9th Cir. 2012); *see Miller*, 845 F.2d at 214 (explaining that the

1  "proper test to be applied when determining the legal sufficiency of a proposed amendment
2  is identical to the one used when considering the sufficiency of a pleading challenged under
3  Rule 12(b)(6)").

4  As noted above, in their motion to amend Plaintiffs cite the fact that the City of
5  Phoenix provides training courses on "Dealing with the Mentally Ill" and "Excited Delirium"
6  and contend that if Officers Roberts, French, and Hanlon had "received both of these
7  trainings, they would likely have dealt more appropriately with [Atencio]." (Doc. 89.) In fact,
8  as Plaintiffs acknowledge in their reply, all three officers did in fact receive the "Excited
9  Delirium" training, and Officer Hanlon received the "Dealing with the Mentally Ill" training.[2]
10 (Doc. 109 at 4.) Plaintiffs' proposed new claims, therefore, address only mental health
11 training.

12 In proposed Count 9 of the amended complaint, Plaintiffs claim a civil rights violation
13 under § 1983 based on allegations that "either the City has a policy of not consistently
14 providing this ["Dealing with the Mentally Ill"] training to all officers who come into contact
15 with the mentally ill, or it has a policy of allowing its officers not to take this training," and
16 that the City "fail[ed] to provide more than a short, token amount of training on dealing with
17 the mentally ill." (*Id.*, Ex. 1, ¶¶ 104, 111.) Defendants argue that these allegations do not
18 state a civil rights claim for failure to train and therefore amendment is futile. The Court
19 agrees.

20 The proposed claim fails pursuant to the standard used to assess the sufficiency of a
21 pleading under Rule 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of
22 a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable
23 legal theory. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008). In
24 assessing the allegations of a proposed pleading, the court must "accept as true all well-
25 pleaded allegations of material fact, and construe them in the light most favorable to the non-

---

[2] The record also shows that officers received mental health training through their familiarity with the City's Operations Orders and "POST" (Peace Officers Standards Training) certification. (*See* Doc. 105 at 10, 13.)

moving party." *Daniels–Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Plaintiffs allege that the City's failure to offer necessary training on mental health issues constituted a violation of Atencio's civil rights. (Doc. 109, Ex. 1, ¶¶ 102–07.) "In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011). Nevertheless, "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Id.*

"[T]he inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). Training is inadequate for purposes of § 1983 when "in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *Id.* at 390. "Mere negligence in training or supervision . . . does not give rise to a *Monell* claim."[3] *Dougherty v. City of Covina*, 654 F.3d 892, 900–01 (9th Cir. 2011); *see Blankenhorn v. City of Orange*, 485 F.3d 463, 484–85 (9th Cir. 2007) (explaining that "absent evidence of a program-wide inadequacy in training, any shortfall in a single officer's training can only be classified as negligence on the part of the municipal defendant—a much lower standard of fault than deliberate indifference").

---

[3] In *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), the Supreme Court held that a municipality can be sued under 42 U.S.C. § 1983 when execution of a government policy or custom results in a violation of constitutional rights.

In addition to showing deliberate indifference, a plaintiff must establish that his constitutional "injury would have been avoided" had the governmental entity properly trained its employees. *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (citing *City of Canton*, 489 U.S. at 389–91); *see Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2001). As the Supreme Court explained in *Board Of County Commissioners v. Brown*, 520 U.S. 397, 404 (1997), a plaintiff "must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." The question is, "Would the injury have been avoided had the employee been trained under a program that was not deficient in the identified respect?" *City of Canton*, 489 U.S. at 391.

Plaintiffs' new claim fails to support their assertion that the City of Phoenix had a policy or a widespread practice of providing inadequate training for its officers on mental health issues. Nor is there any showing that some form of additional training would have caused Officers Roberts, French, or Hanlon to have performed their duties differently with respect to Atencio such that the alleged civil rights violation could have been avoided. Rather, Plaintiffs' proposed inadequate training claims "lack any factual allegations that would separate them from the 'formulaic recitation of a cause of action's elements.'" *Dougherty*, 654 F.3d at 900 (quoting *Twombly*, 550 U.S. at 555); *see Nelson v. County of Sacramento*, 926 F.Supp.2d 1159, 1169 (E.D.Cal. 2013) (finding complaint "devoid of alleged facts indicating a pattern or custom of behavior on the part of Defendants. Plaintiff needs more than the formulaic recitation of the elements of a claim to withstand a motion to dismiss; he needs factual allegations sufficient to raise his claim above a speculative level.").

Instead of specific facts concerning the nature and effects of the alleged inadequacy of the City's training programs, the proposed new count consists of legal conclusions to the effect that the alleged deficiency in the City's mental health training programs "constitutes deliberate indifference" and was "a moving force behind the violations of [Atencio's] constitutional rights." (Doc. 109, Ex. 1. ¶¶ 105, 106.) These conclusory allegations are not sufficient to state a claim. *See Young v. City of Visalia*, 687 F.Supp.2d 1141, 1150 (E.D.Cal. 2009) (explaining that "without identifying the training and hiring practices, how those

1 practices were deficient, and without an identification of the obviousness of the risk
2 involved, the Court cannot determine if a plausible claim is made for deliberately indifferent
3 conduct"); *see also Hydrick v. Hunter*, 669 F.3d 937, 941 (9th Cir. 2012) (finding plaintiff's
4 that "bald" and "conclusory" allegations insufficient to state a plausible claim).

5 In their motion to amend, Plaintiffs argue only that proper training would have alerted
6 the officers to the fact that a significant percentage of individuals they encounter suffer from
7 mental health problems and would have taught the officers how to react appropriately to such
8 individuals. (Doc. 89 at 2–3; *see* Doc. 109 at 8.) Plaintiffs assert, for example, that with such
9 training Officer Roberts "would have known that arresting Marty was an inappropriate
10 reaction to his conduct, and would have been aware of alternate resources to deal with that
11 conduct" and that Officers French and Hanlon "could have more appropriately addressed
12 Marty's resistance to taking off his shoes, deescalated the situation, and not started a physical
13 altercation that resulted in Marty's death. At a minimum, Officers French and Hanlon would
14 have known that surrounding Marty and shouting orders at him, before piling on top of him,
15 were inappropriate reactions to Marty's passive resistance." (Doc. 89 at 5.)

16 As Defendants note, however, Plaintiffs offer no support for their conclusion that the
17 officers would have behaved differently had they participated in the training programs cited
18 by Plaintiffs. Instead, Plaintiffs rely on deposition testimony indicating that Officers Roberts
19 and Hanlon could not recall specific details of their training with respect to dealing with the
20 mentally ill and that Officer French was not taught statistics about the number of jail
21 detainees with mental disorders. (Doc. 89 at 4–5.) This information does not address the
22 question of whether the alleged violation of Atencio's rights would have been avoided had
23 the officers "been trained under a program that was not deficient in the identified respect."
24 *City of Canton*, 489 U.S. at 391.

25 The amended complaint also seeks to add proposed Count 10, a wrongful death claim
26 pursuant to ARS § 12-611, based on the allegation that the City breached its duty to Atencio
27 by failing to mandate that all officers take the "Treatment of the Mentally Ill" training course
28 and by offering only a "short, token amount of training on dealing with the mentally ill."

(Doc. 109, Ex.1, ¶¶ 110–11.) Defendants argue that these allegations are barred because they were not asserted in Plaintiffs' Notice of Claim. (Doc. 105 at 15.) The Court agrees.

Under A.R.S. § 12-821.01(A), any claim presented against a governmental entity must "contain facts sufficient to permit the public entity or public employee to understand the basis on which liability is claimed." To satisfy this requirement, the notice of claim "must at least contain enough information to allow the state to intelligently ascertain these purposes so it can conscientiously allow or disallow the claim." *Howland v. State*, 169 Ariz. 293, 299, 818 P.2d 1169, 1175 (App. 1991).

The Notice here did not contain adequate facts to inform Defendants of Plaintiffs' new wrongful death claim based on the allegation that the City breached its duty to Atencio by failing to provide sufficient mental health training to Officers Roberts, French, and Hanlon. (*See* Doc. 105, Ex. 10.) First, the Notice contains no suggestion that Officer Roberts' actions reflected a lack of training. With respect to Officers Hanlon and French, the Notice states that Hanlon used excessive force when escorting Atencio to the Linescan Room and that Hanlon and French started a "jailer's riot" by initiating a physical struggle with Atencio. (*Id.* at 5–6.) Contrary to Plaintiffs' present allegation that Officers French and Hanlon, had they been properly trained, would have de-escalated the situation when responding to Atencio's resistance, the Notice describes Atencio as not being "aggressive, abusive, or resistive" and "not threatening or combative." (*Id.* at 6.)

These allegations do not provide sufficient notice of Plaintiffs' new claim, which is based on recent information concerning the specific mental health training received by Officers Roberts, French, and Hanlon and a set of facts not consistent with those described in the Notice of Claim. The new wrongful death claim is therefore barred under A.R.S. § 12-821.01.

In addition, for the reasons discussed above, the Court agrees with Defendants that the new training-based wrongful death claim fails under Rule 12(b)(6) because it offers only a "formulaic recitation of a cause of action's elements," *Twombly*, 550 U.S. at 555, and therefore amendment is futile.

**CONCLUSION**

Amendment is futile because the proposed claims lack sufficient facts to show that the City had a training policy that amounted to deliberate indifference or that Atencio's alleged constitutional injury would have been avoided had the City properly trained its officers, including Officers Roberts, Hanlon, and French.

Accordingly,

IT IS HEREBY ORDERED denying Plaintiffs' Motion to Amend (Doc. 89).

DATED this 9th day of December, 2013.

Paul G. Rosenblatt
United States District Judge