# Exhibit W

**IAFRATE & ASSOCIATES**
649 N. 2nd Avenue
Phoenix, Arizona 85003
(602) 234-9775

Michele M. Iafrate, #015115
Courtney R. Cloman, #023155
miafrate@iafratelaw.com
ccloman@iafratelaw.com

Attorney for **Defendant Joseph Arpaio**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fred Graves, et al., | ) NO. CV77-0479-PHX-NVW |
| Plaintiffs, | ) |
| vs. | ) **STIPULATION RE DEFENDANT ARPAIO'S JUNE 7, 2011 MOTION TO TERMINATE** |
| Joseph Arpaio, et al., | ) |
| Defendants. | ) |

On June 7, 2011, Defendant Arpaio filed his Motion to Terminate. (Doc. #1975) On July 8, 2011, this Court set an evidentiary hearing on the Motion to Terminate to begin on October 18, 2011. (Doc. #1994) After conducting extensive discovery in preparation for the evidentiary hearing, the parties stipulate as follows:

1. Paragraphs 6-8 of the Second Amended Judgment are not at issue in Defendant Arpaio's Motion to Terminate, and thus should not be terminated.

2. Plaintiffs do not contest the termination of paragraphs 1, 3, 9, 10, 12, 14, and 15 of the Second Amended Judgment. No systemic and

1

ATENCIOS02617

ongoing constitutional violations exist regarding those paragraphs and the parties agree that the Court may terminate them.

3. Plaintiffs do not contest the termination of paragraphs 2, 4, 5, and 11 of the Second Amended Judgment, except as follows:

   a. Paragraph 2 – Plaintiffs contest the termination of paragraph 2 only with respect to overcrowding in the court holding cells at Madison.

   b. Paragraph 4 – Plaintiffs contest the termination of paragraph 4 only with respect to the provision of cleaning supplies to detainees in the Durango dorms (D8 and D9) and the cleanliness of cells in the Mental Health Unit at Lower Buckeye Jail.

   c. Paragraph 5 – Plaintiffs contest the termination of paragraph 5 only with respect to the provision of functional and sanitary toilets and sinks in the court holding cells at Madison.

   d. Paragraph 11 - Plaintiffs contest the termination of paragraph 11 only with respect to the provision of recreation for one full hour per day, four days per week, in the Durango Dorms (D8 and D9).

4. No systemic and ongoing constitutional violations exist regarding the portions of paragraphs 2, 4, 5, and 11 that are not contested by plaintiffs as listed above. The parties agree that the Court may therefore modify those paragraphs to eliminate the uncontested portions.

ATENCIOS02618

5. Plaintiffs contest the termination of Paragraphs 13 and 16 of the Second Amended Judgment.

6. Defendant Arpaio moves to withdraw the Court's consideration of the Motion to Terminate with respect to those paragraphs or portions of paragraphs of the Second Amended Judgment that Plaintiffs contest as set forth above.

7. Defendant Arpaio will renew his Motion to Terminate with respect to those paragraphs or portions of paragraphs after April 1, 2012.  Based on the facts known to Plaintiffs, they will not contest the renewed Motion to Terminate if Defendant Arpaio successfully accomplishes the goals outlined in Exhibit A for the period from November 1, 2011 through March 1, 2012.

8. The parties will agree upon a notice to the class to be posted in the housing units at the Maricopa County Jails, explaining the terms of this stipulation.

9. Plaintiffs will submit all attorneys' fees and costs incurred through October 21, 2011 to Defendants by October 31, 2011.  Pursuant to the parties' November 4, 2009 Agreement concerning fees and costs, Plaintiffs understand that Maricopa County will pay all outstanding fees and costs  which are not disputed within 30 days.  If payment is not received within 30 days, Plaintiffs will file fee applications with the

ATENCIOS02619

Court. Plaintiffs will submit to Maricopa County additional invoices quarterly for fees and costs incurred after October 21, 2011.

10. The parties request that the Court vacate the evidentiary hearing scheduled to begin on October 18, 2011 and, if the Court desires, instead set a hearing to discuss this stipulation.

11. The parties make this stipulation in the efficient administration of justice and to avoid the waste of scarce judicial time.

**DATED** this 12th day of October, 2011.

| **OSBORN MALEDON, P.A.** | **IAFRATE & ASSOCIATES** |
|---|---|
| By   s/Sharad H. Desai (w/permission)<br>Larry A. Hammond<br>Sharad H. Desai<br>Christina C. Rubalcava<br>Attorneys for **Plaintiffs** | By:   s/Michele M. Iafrate<br>Michele M. Iafrate<br>Courtney R. Cloman<br>Attorneys for **Defendant**<br>**Joseph Arpaio** |

ATENCIOS02620

**ORIGINAL** of the foregoing mailed this <u>12th</u> day of October, 2011, with:

Clerk of the Court
**UNITED STATES DISTRICT COURT**
Sandra Day O'Connor U.S. Courthouse
401 W. Washington
Phoenix, Arizona 85003

**COPIES** of the foregoing mailed this <u>12th</u> day of October, 2011, to:

Larry Hammond
Sharad Desai
Christina C. Rubalcava
**Osborn Maledon, PA**
2929 N. Central Ave., Ste. 2100
Phoenix, AZ 85012

Margaret Winter (admitted pro hac vice)
Gabriel Eber (admitted pro hac vice)
Eric Balaban (admitted pro hac vice)
**ACLU National Prison Project**
915 15th Street, N.W., 7th Floor
Washington, D.C. 20005
Co-Counsel for *Plaintiffs*

Daniel Pochoda
**ACLU of Arizona**
3707 N. 7th Street, Suite #235
Phoenix, AZ 85014
Co-Counsel for *Plaintiffs*

Jorge Franco Jr.
Larry J. Crown
William F. Begley
2800 N. Central Avenue, Ste. 1800
Phoenix, AZ 85004
Attorneys for **Defendant Maricopa County Board of Supervisors**

By:   s/Jill Lafornara

ATENCIOS02621

**EXHIBIT A**

ATENCIOS02622

**Exhibit A**

¶ 2:  Defendant Arpaio agrees to count, and maintain records demonstrating, the number of detainees placed in each of the court holding cells at Madison at the end of the graveyard shift each morning that detainees are transported to court, before any detainees have been removed from those cells to be transported to court.  This procedure will cease upon the closure of Madison and the opening of the New Court Tower.

¶ 4:  Defendant Arpaio agrees to leave cleaning supplies outside the cage in the Durango dorms (D8 and D9) beginning after the morning meal is served until after the evening meal is served to ensure that detainees have an opportunity to use them.  Defendant Arpaio agrees to check and replenish the supplies when necessary.  Defendant Arpaio further agrees to inform detainees in the Durango dorms that they may use cleaning supplies for their personal use without needing to first seek permission from detention officers.  Defendant Arpaio agrees to use housekeeping to clean all cells in the mental health unit at Lower Buckeye Jail at least once a week.  This cleaning will be in addition to both the hygiene checks already being conducted once per shift and the resulting emergency cleaning that is conducted as needed.

¶ 5:  Defendant Arpaio agrees to ensure, and keep records demonstrating, that housekeeping cleans and sanitizes the toilets and sinks in each of the court holding cells at Madison each day that detainees are transported to court.

¶ 11:  Defendant Arpaio agrees to ensure, and keep records demonstrating, that detainees housed in the Durango dorms (D8 and D9) are offered recreation for one hour a day, four days a week.

¶ 13:  Defendant Arpaio agrees to provide detainees an average of 2600 calories per day.

¶ 16:  Defendant Arpaio agrees to provide records outlined above on a monthly basis beginning December 15, 2011 in order to allow Plaintiffs to assess compliance with the Second Amended Judgment on an expedited basis.

ATENCIOS02623

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Fred Graves, et al., | ) | NO. CV77-0479-PHX-NVW |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| Joseph Arpaio, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This Court having read the Parties Stipulation Re Defendant Arpaio's June 7, 2011 Motion To Terminate and good cause appearing;

**IT IS HEREBY ORDERED** granting the Stipulation Re Defendant Arpaio's June 7, 2011 Motion To Terminate.

1

ATENCIOS02624