J. Daniel Campbell, Bar No. 005395
Daniel J. O'Connor, Bar No. 010081
Gary L. Popham, Jr., Bar No. 022260
**O'CONNOR & CAMPBELL, P.C.**
7955 South Priest Drive
Tempe, AZ 85284
dan.campbell@occlaw.com
dan.oconnor@occlaw.com
gary.popham@occlaw.com
602-241-7000

*Attorneys for Defendants Maricopa County, Ian Cranmer, William McLean, and Monica Scarpati*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ERNEST JOSEPH ATENCIO, surviving father of Ernest Marty Atencio, individually and on behalf of the following statutory beneficiaries of Ernest Marty Atencio: Rosemary Atencio, surviving mother of Ernest Marty Atencio; Joshua Atencio, surviving son of Ernest Marty Atencio; Joseph Atencio, surviving son of Ernest Marty Atencio; M.A., a minor and surviving son of Ernest Marty Atencio; and MICHAEL ATENCIO, Personal Representative of the Estate of Ernest Marty Atencio; and ROSEMARY ATENCIO, individually; JOSHUA ATENCIO, individually; JOSEPH ATENCIO, individually; and M.A., through his Next Friend, Eric Atencio, <br><br> Plaintiffs, <br><br> vs. <br><br> SHERIFF JOSEPH ARPAIO and AVA ARPAIO, husband and wife; MARICOPA COUNTY, a public entity; JAIME CARRASCO and JANE DOE CARRASCO, husband and wife; ADRIAN DOMINGUEZ and JANE DOE DOMINGUEZ, husband | Case No.: 2:12-cv-02376-PHX-PGR <br><br> **DEFENDANT MARICOPA COUNTY'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFFS' STATEMENT OF FACTS APPLICABLE TO ALL DEFENDANTS** <br><br> (Assigned to the Honorable Paul G. Rosenblatt) |

| | |
|---|---|
| 1 | and wife; CHRISTOPHER FOSTER and JANE DOE FOSTER, husband and wife; ANTHONY HATTON and JANE DOE HATTON, husband and wife; CRAIG KAISER and JANE DOE KAISER, husband and wife; ANTHONY SCHEFFNER and JANE DOE SCHEFFNER, husband and wife; JOSE VAZQUEZ and JANE DOE VAZQUEZ, husband and wife; JASON WEIERS and JANE DOE WEIERS, husband and wife; IAN CRANMER and JANE DOE CRANMER, husband and wife; WILLIAM MCLEAN and JANE DOE MCLEAN, husband and wife; MONICA SCARPATI and JOHN DOE SCARPATI, husband and wife; CITY OF PHOENIX, a public entity; PATRICK HANLON and JANE DOE HANLON, husband and wife; NICHOLAS FRENCH and JANE DOE FRENCH, husband and wife.<br><br>        Defendants. |

Defendant Maricopa County properly moved under Local Rule 7.2(m) to strike Plaintiffs' Statement of Facts Applicable to All Defendants. This Court should grant the County's motion because Rule 56.1 does not permit a party moving for summary judgment to file more than one statement of facts.

### A.     **Defendant's Motion is Procedurally Proper.**

Plaintiffs contend that the County's Motion to Strike is procedurally improper because a motion to strike under Rule 12(f), Fed. R. Civ. P., only applies to pleadings. Plaintiffs are correct about Rule 12(f)'s applicability.[1] But

---

[1] The cases Plaintiffs cite do not support their argument that the County's Rule 7.2(m) motion to strike is improper. Both *Foley v. Pont*, 2013 WL 782856 (D.Nev. 2013) and *S.A.R.L. Aquatonic-Laboratories PBE v. Marie Katelle, Inc.*, 2007 WL 1589562 (D.Ariz. 2007) dealt solely with motions to strike that were brought under Rule 12(f). The County agrees that Rule 12(f) is not the appropriate rule under which to move to strike a statement of facts in support of a summary judgment motion.

- 2 -

Rule 12(f) is not the sole authority for motions to strike. As the County's motion made clear, the County did not move to strike pursuant to Rule 12(f).[2] The motion was filed pursuant to Local Rule 7.2(m)(1) and is procedurally proper under that rule.

Local Rule 7.2(m)(1) provides that a motion to strike may be made "if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule or court order." "A motion to strike is warranted if authorized by a federal rule. Rule 7.2(m) provides a number of examples that, if violated, allow a party to file a motion to strike. However, that list is not exhaustive." *Giddings v. Vison House Production, Inc.*, 2008 WL 2278134 at *2 (D.Ariz. 2008).

Here, Plaintiffs violated Rule 56.1 when, as the moving party, they filed two separate statements of fact. Plaintiffs' second statement of facts in support of their Motion for Partial Summary Judgment against Maricopa County, which Plaintiffs intended to be applicable to all defendants, is not authorized by Rule 56.1. The County appropriately moved to strike this unauthorized statement of facts under Rule 7.2(m). *See Hardge v. Golden Eagle Distributors, Inc.*, 2010 WL 5343285 at *2 (D.Ariz. 2010) (striking Defendant's statement of facts pursuant to a motion to strike under Local Rule 7.2(m)).

**B.** **Local Rule 56.1 Permits the Moving Party to File Only One Statement of Facts.**

Local Rule 56.1 states that "any party filing a motion for summary judgment must file a statement of facts." Plaintiffs argue that Defendants read too much into the rule, and that the rule's purpose is to require that the moving party

---

[2] Motion [Doc. 384] at p. 2, ll. 17-19.

set forth the facts in a document separate from the motion—not to limit the moving party to one statement of facts.[3, 4]

But the only interpretation of Rule 56.1 that makes sense is that it permits one statement of facts. Statutory interpretation begins with the plain language of the provision. *U.S. v. Hanousek*, 176 F.3d. 1116, 1120 (9th Cir. 1999) (citing *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980). Rule 56.1 states that "any party filing a motion for summary judgment must file *a* statement of facts. . ." (emphasis added). A common sense reading of the rule's plain language and context indicates that "a" means "one." District Court decisions agree with this interpretation. *Allstate Insurance Co. v. Ford Motor Co.*, 2010 WL 1654145 at *10 (D.Ariz. 2010) ("Rule 56.1 permits a party moving for summary judgment to file **only one separate statement of facts** in support of its motion. The statement is to be filed along with the motion for summary judgment.") (emphasis added); *EEOC v. Creative Networks LLC*, 2008 WL 5225807 at * 1 (D.Ariz. 2008) ("A party filing a motion for summary judgment [] is required to file a statement detailing each material fact that the party relies on to support its motion. . . **Likewise**, the opposing party must have **one** statement . . .") (emphasis added).

---

[3] Plts.' Resp. [Doc. 392] at p. 2, ll. 16-17.
[4] The case Plaintiffs cite in support of this argument does not help them. In *UMG Recordings, Inc.*, the parties disputed the applicability of a statutory provision. *UMG Recordings, Inc. v. Shelter Capital Partners, LLC*, 718 F.3d 1006 (9th Cir. 2013). The court discussed the statute's two definitions of the same term—one a broad definition and the other narrow. The court noted that if Congress had intended to include limitations in the broad definition, it would have done so "expressly and unambiguously, as it did in the narrower definition.'" *Id.* at 1020. Plaintiffs extrapolate broadly from this one sentence in the opinion and illogically conclude that with respect to Local Rule 56.1, "had the drafters of the rule intended to limit parties to 'one' or a 'single' statement of facts, they would have said so." *See* Plts.' Resp. at p. 2, ll. 17-19.

In other instances in the Local Rules, no dispute exists that "a" means "one." For example, Local Rule 7.2(c) provides that a moving party may file "a" memorandum of points and authorities in support of their motion; the opposing party may file "a" responsive memorandum; and after receiving the responsive memorandum the moving party may file "a" reply memorandum. Applying Plaintiffs' argument to general motion practice under Local Rule 7.2 produces illogical results. If the word "a" does not mean "one," then for every motion a party files on an issue: (1) the moving party could file a motion and unlimited supplemental motions, (2) the responding party could a response and unlimited supplemental responses, and (3) the moving party could file a reply and unlimited supplemental replies.

## **CONCLUSION**

In support of their Motion for Partial Summary Judgment against Maricopa County, Plaintiffs filed two separate documents entitled "Statement of Facts" [Docs. 359 and 360]. Rule 56.1 permits the moving party to file only one Statement of Facts. Accordingly, Plaintiffs' Statement of Facts applicable to all Defendants [Doc. 359] should be stricken.

DATED this 16th day of October, 2014.

**O'CONNOR & CAMPBELL, P.C.**

By: */s/ Gary L. Popham, Jr.*
　　J. Daniel Campbell
　　Daniel J. O'Connor
　　Gary L. Popham, Jr.
　　*Attorneys for Defendants*
　　*Maricopa County, Ian Cranmer,*
　　*William McLean, and Monica*
　　*Scarpati*

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2014, I electronically filed the foregoing with the Clerk of the Court for the U.S. District Court, District of Arizona, using the CM/ECF System. A Notice of Electronic Filing will be served to the following registered participants:

Michael C. Manning
Larry J. Wulkan
Stefan M. Palys
Jennifer L. Allen
Blair H. Moses
STINSON LEONARD STREET LLP
1850 North Central Avenue, Suite 2100
Phoenix, AZ 85004
*Attorneys for Plaintiffs*

Lisa S. Wahlin
Andrew M. Kvesic
RYLEY CARLOCK & APPLEWHITE
One North Central Avenue, Suite 1200
Phoenix, AZ 85004
*Attorneys for Defendants Arpaio, Carrasco, Dominguez, Foster, Kaiser, Scheffner, Vazquez, and Weiers*

Christina G. Retts
Kathleen L. Wieneke
STRUCK WIENEKE & LOVE, PLC
3100 West Ray Road, Suite 300
Chandler, AZ 85226
*Attorneys for Defendants City of Phoenix, French and Hanlon*

Sarah L. Barnes
Robert M. Moore
BROENING OBERG
WOODS & WILSON, PC
1122 East Jefferson Street
Phoenix, AZ 85034
*Attorneys for Defendant Hatton*

By: */s/ Amanda Bennett*