WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernest Joseph Atencio, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Joseph M. Arpaio, et al., <br><br> Defendants. | No. CV-12-02376-PHX-PGR <br><br> **ORDER** |

The Court has before it City Defendants' Motion to Stay Proceedings Pending Appeal and Request for Clarification as to the State Law Claim Only (Doc. 447), Sheriff Arpaio's Separate Motion to Clarify/Reconsider Ruling that Arpaio can be Responsible in his Individual Capacity for the Medical Defendants' Conduct (Doc. 448), and Plaintiffs' Motion to Certify Appeal as Frivolous (Doc. 454). The Court also has before it the various joinders in the pending motions and the responses and replies to the motions (*see* Doc. 448, 449, 474, 478, 499, 500). The Court will grant in part and deny in part the Motion to Certify Appeal as Frivolous (Doc. 454). The Court will grant City Defendant's Motion to Stay Proceedings Pending Appeal and Request for Clarification (Doc. 447). The Court will deny Sheriff Arpaio's Motion to Clarify/Reconsider Ruling

(Doc. 448).

A. **<u>Plaintiffs' Motion to Certify Appeal as Frivolous (Doc. 454).</u>**

Defendants have filed notices of appeal from this Court's denial of summary judgment on the issue of qualified immunity. Plaintiffs move to certify those appeals as frivolous. The Court will grant in part and deny in part Plaintiffs' motion.

An order denying a motion for summary judgment on the question of qualified immunity generally is immediately appealable. *See Plumhoff v. Rickard*, 134 S. Ct. 2012, 2018 (2014). This immediate appealability is "because such orders conclusively determine whether the defendant is entitled to immunity from suit," an issue that "is both important and completely separate from the merits of the action," and also "could not be effectively reviewed on appeal from a final judgment because by that time the immunity from standing trial will have been irretrievably lost." *Id.* at 2019.

However, not all orders denying summary judgment on the issue of qualified immunity are immediately appealable. "[A] defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Johnson v. Jones*, 515 U.S. 304, 319-20 (1995). On the other hand, "summary judgment determinations *are* appealable when they resolve a dispute concerning an 'abstract issu[e] of law' relating to qualified immunity – typically, the issue whether the federal right allegedly infringed was 'clearly established.'" *Behrens v. Pelletier*, 516 U.S. 299, 313 (1996) (emphasis and alteration in original, citation omitted).

As the Ninth Circuit explained, "both the denial of a defendant's motion as well as

a ruling by the trial judge that 'if the facts are as asserted by the plaintiff, the defendant is not immune,'" may be immediately appealed. *Mueller v. Auker*, 576 F.3d 979, 987 (9th Cir. 2009). However, a challenge to the "*sufficiency* of the evidence in support of the factual claims made by the parties" is not immediately appealable. *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1060 (9th Cir. 2006) (emphasis added); *see Wilkins v. City of Oakland*, 350 F.3d 949, 951 (9th Cir. 2003) ("It is well-established that 'an appellate court lacks jurisdiction over an interlocutory appeal challenging the sufficiency of the evidence supporting the trial court's conclusion that an issue of fact exists.'" (Citation omitted.)).

  1. City Defendants

     a. Escort to linescan room

As to the escort of Atencio from the holding cell to the linescan room, City Defendants contend that whether Defendant Hanlon is entitled to qualified immunity is a purely legal issue because there is a video of the event, and that this video demonstrates that Hanlon merely had his hands on Atencio's back and shoulders to guide him and did not manipulate Atencio's hands, or in any way cause Atencio to bend over. However, the quality of the video provided to the Court, which recorded most but not all of the escort, was insufficiently clear for the Court to rule out the version of the escort put forward by Plaintiffs, particularly in light of the testimony of Matthew Laymen, who indicated that the officers escorted Atencio by leading him with his hands and arms bent in what looked like a very painful position and that Atencio's statements indicated that the officers were hurting him. Further, the video demonstrates that Atencio was neither aggressive nor resistant during the escort, and other evidence indicates that Atencio was "humorous,"

- 3 -

"jovial," and non-aggressive. Moreover, viewing the evidence in the light most favorable to Plaintiffs, this alleged use of force during the escort was merely a step in the series of events that occurred in the linescan room and the safe cell that led to Atencio's death. Indeed, the subsequent events in the linescan room and safe cell may well have never happened but for the alleged use of force during the escort.

As the Court found in denying summary judgment, there is a genuine factual dispute as to what actually occurred during the escort to the linescan room and what Hanlon knew at the time. Under Plaintiffs' versions of the facts, Hanlon would not be entitled to qualified immunity because his use of force under these circumstances would be objectively unreasonable. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) ("a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable" with such objective unreasonableness turning "on the 'facts and circumstances of each particular case,'" and "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight").

This genuine factual dispute does not render an appeal from the Court's denial of summary judgment frivolous in its entirety. To the extent City Defendants seek to challenge on appeal the Court's determination that, viewing the evidence in the light most favorable to Plaintiffs, Hanlon would not be entitled to qualified immunity based on his conduct escorting Atencio to the linescan room, appellate jurisdiction exists and thus, such an appeal would not be frivolous. *See Mueller*, 576 F.3d at 987 ("a ruling by the trial judge that 'if the facts are as asserted by the plaintiff, the defendant is not immune'"

qualifies for an interlocutory appeal); *Kennedy*, 439 F.3d at 1060 (appellate jurisdiction exists over question of whether, viewing issues of fact in favor of plaintiff, officer's actions were objectively unreasonable).

However, to the extent City Defendants seek to challenge on appeal the *sufficiency* of the evidence to support Plaintiffs' version of the facts, and the Court's determination that a genuine issue of fact exists, such an appeal would be frivolous. *See Kennedy*, 439 F.3d at 1060 (no appellate jurisdiction over interlocutory appeal challenging sufficiency of the evidence supporting factual claims made by the parties); *Wilkins*, 350 F.3d at 951 (no appellate jurisdiction over interlocutory appeal challenging sufficiency of evidence supporting district court's determination an issue of fact exists).

        b.     <u>Linescan room</u>

As to the use of force in the linescan room, City Defendants again rely on the presence of a video recording of the event and contend that the question of qualified immunity is thus a purely legal issue. However, viewed in the light most favorable to Plaintiffs, this video recording, when combined with other evidence in the record, demonstrates that Atencio was not being combative, violent, aggressive, or threatening towards anyone; that Atencio's demeanor was "humorous," "jovial," and non-aggressive; that the officers, including Hanlon and French, knew that Atencio was in a state of psychosis and confusion, and was having trouble following directions; that Atencio's response to the command to remove his shoes by removing one shoe then asking the officer to remove his other shoe (or telling the officer to remove his own shoe), pointing at Hanlon, and crossing his arms over his chest were a result of Atencio's psychosis,

confusion, and difficulty following directions; that if Atencio had been given time and opportunity to understand and follow the direction to remove his other shoe, the use of force may not have been needed; and that Atencio was not posing a threat or a risk of harm to anyone.  Under this view of the facts, it was objectively unreasonable for an officer to immediately grab and engage in a physical struggle with Atencio and take Atencio to the ground through the use of a choke hold/carotid hold. *See Kingsley*, 135 S. Ct. at 2473.

The officers clearly dispute Plaintiffs' version of the facts and argue that the dispute is purely legal, citing *Plumhoff v. Rickard*, 134 S. Ct. 2012 (2014), and *Scott v. Harris*, 550 U.S. 372 (2007).  However, the videos in both *Plumhoff* and *Scott* not only contradicted the plaintiffs' versions of the events, but also made it clear that the suspect was putting other civilians and officers at risk, and that the officers' conduct in using force to end that risk was reasonable.  *See Plumhoff*, 134 S. Ct. at 2021-22; *Scott*, 550 U.S. at 379-380, 386.  In contrast, here the video neither contradicts the version of the facts put forward by Plaintiffs nor makes it clear that Atencio was creating a threat or a risk to the officers or others in the jail.  The existence of the video in the present case does not, therefore, transform the factual disputes into a purely legal question, and these factual disputes preclude a grant of summary judgment on the issue of qualified immunity.

The genuine factual disputes do not, however, render an appeal from the Court's denial of summary judgment frivolous in its entirety.  To the extent City Defendants seek to challenge on appeal the Court's determination that, viewing the evidence in the light

most favorable to Plaintiffs, neither Hanlon nor French would be entitled to qualified immunity based on their conduct in the linescan room, appellate jurisdiction exists and thus, such an appeal would not be frivolous. *See Mueller*, 576 F.3d at 987; *Kennedy*, 439 F.3d at 1060. On the other hand, to the extent City Defendants seek to challenge on appeal the *sufficiency* of the evidence to support Plaintiffs' version of the facts, and the Court's determination that a genuine issue of fact exists, such an appeal would be frivolous. *See Kennedy*, 439 F.3d at 1060; *Wilkins*, 350 F.3d at 951.

As to the uses of force that occurred after Hanlon and French were no longer physically involved, e.g., the facial strikes by Hatton and the Taser deployment by Officer Weiers, the Court denied summary judgment on the issue of qualified immunity because there was a genuine factual dispute as to whether Hanlon and French were integral participants in that use of force. To the extent City Defendants seek to challenge on appeal whether the integral participant theory can be applied under the circumstances of this case and, if so, whether, viewing the evidence in the light most favorable to Plaintiffs, City Defendants are entitled to qualified immunity, such an appeal would not be frivolous. *See Behrens*, 516 U.S. at 313 (summary judgment decisions appealable when they resolve dispute about abstract issue of law); *Mueller*, 576 F.3d at 987; *Kennedy*, 439 F.3d at 1060. On the other hand, to the extent City Defendants seek to challenge on appeal the *sufficiency* of the evidence to support Plaintiffs' version of the facts and the Court's determination that a genuine issue of fact exists regarding whether Hanlon and French were integral participants, such an appeal would be frivolous. *See Kennedy*, 439 F.3d at 1060; *Wilkins*, 350 F.3d at 951.

- 7 -

2.  Arpaio Defendants

Arpaio defendants were participants in the struggle with Atencio, and assisted with taking Atencio to the floor and holding him down on the floor in a "dog pile" in the linescan room while Hatton delivered strikes to Atencio's facial region and Weiers used the Taser on Atencio.  Arpaio Defendants also were participants in holding Atencio down in the safe cell while Hatton delivered a knee strike to Atencio.  In addition to that noted above, the evidence, viewed in the light most favorable to Plaintiffs, demonstrates that once the officers physically engaged with Atencio, Atencio passively resisted; that after Atencio was taken to the floor, Arpaio Defendants participated in a "dog pile" to hold Atencio down while Defendant Weiers tased Atencio and Defendant Hatton administered numerous strikes to Atencio's face; that once Atencio was transferred to the safe cell, Arpaio Defendants held him down while Defendant Hatton delivered a knee strike to Atencio's back; and that at no point was Atencio actively aggressive or violent towards the officers or anyone else.  Under this view of the facts, it was objectively unreasonable for Arpaio Defendants to hold Atencio down while officers engaged in the facial strikes and knee strike, and tased Atencio.  *See Kingsley*, 135 S. Ct. at 2473.

Arpaio Defendants dispute this view of the facts, and set forth their own version of the facts.  Their version does not, however, view the facts in the light most favorable to Plaintiffs and, further, ignores many of the disputed facts relied upon by the Court in denying summary judgment.

There are genuine factual disputes as to what exactly happened in the linescan room and the safe cell, including the conduct of Atencio and the conduct of Arpaio

- 8 -

Defendants and what they knew at the time of the use of force. These genuine factual disputes preclude summary judgment on the issue of qualified immunity but do not render an appeal from the Court's denial of summary judgment on qualified immunity frivolous in its entirety. To the contrary, to the extent Arpaio Defendants seek to challenge on appeal the Court's determination that, viewing the evidence in the light most favorable to Plaintiffs, Arpaio Defendants would not be entitled to qualified immunity, appellate jurisdiction exists and thus, such an appeal would not be frivolous. *See Mueller*, 576 F.3d at 987; *Kennedy*, 439 F.3d at 1060. Similarly, to the extent Arpaio Defendants seek to challenge on appeal whether the integral participant theory and/or duty to intervene can be applied under the circumstances of this case, such an appeal would not be frivolous. *See Behrens*, 516 U.S. at 313 (summary judgment decisions appealable when they resolve dispute about abstract issue of law); *Mueller*, 576 F.3d at 987; *Kennedy*, 439 F.3d at 1060.

However, to the extent Arpaio Defendants seek to challenge on appeal the *sufficiency* of the evidence to support Plaintiffs' version of the facts, and the Court's determination that a genuine issue of fact exists, such an appeal would be frivolous. *See Kennedy*, 439 F.3d at 1060; *Wilkins*, 350 F.3d at 951.

3. <u>Hatton Defendants</u>[1]

There is a genuine factual dispute regarding what actually occurred prior to

---

[1] Hatton notes that Plaintiffs' motion does not explicitly include Hatton Defendants' appeal, likely because Plaintiffs filed their motion on the same day that Hatton Defendants filed their notice of appeal (*see* Doc. 453, 454).

- 9 -

Hatton's delivery of the face and knee strikes.  Although Hatton claimed he delivered the strikes in self-defense (at least as to the facial strikes), other evidence indicates that Atencio was helpless and defenseless at the time Hatton made these strikes and that the strikes were unreasonable, unjustifiable, and excessive.  This genuine factual dispute precludes summary judgment on the issue of qualified immunity.  The factual dispute does not, however, render an appeal regarding the denial of summary judgment on qualified immunity frivolous in its entirety.  To the contrary, to the extent Hatton seeks to challenge on appeal the Court's determination that, viewing the evidence in the light most favorable to Plaintiffs, Hatton would not be entitled to qualified immunity, appellate jurisdiction exists and thus, such an appeal would not be frivolous.  *See Mueller*, 576 F.3d at 987; *Kennedy*, 439 F.3d at 1060.  However, to the extent Hatton seeks to challenge on appeal the *sufficiency* of the evidence to support Plaintiffs' version of the facts and the Court's determination that a genuine issue of fact exists, such an appeal would be frivolous.  *See Kennedy*, 439 F.3d at 1060; *Wilkins*, 350 F.3d at 951.

**B.     City Defendants' Motion to Stay Proceedings Pending Appeal and Request for Clarification as to State Law Claim (Doc. 447).**

    1.     Motion to Stay

In the Ninth Circuit, an interlocutory appeal of the denial of qualified immunity divests the district court of jurisdiction to proceed with trial unless the trial court has certified the appeal as frivolous or waived.  *See Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992).  As discussed above, the Court will deny in large part Plaintiffs' request to certify Defendants' appeals as frivolous.  Thus, the interlocutory appeal filed by

Defendants divests the Court of jurisdiction over Plaintiffs' federal constitutional claims.

City Defendants move to stay the proceedings as to the remaining state law wrongful death claim pending the outcome of the appeal. Plaintiffs object to the requested stay.

Failure to stay the proceedings pending the outcome of the appeal could result in two separate trials, inconsistent results, the waste of judicial resources, and increased expense to the parties. Moreover, the facts relating to Plaintiffs' state law wrongful death claim are inextricably intertwined with the facts relating to their federal constitutional claims as demonstrated by the First Amended Complaint, which alleges the same wrongful conduct of Defendants violated both state law and § 1983.

On the other hand, the Court recognizes that a stay of these proceedings, and the resulting delay in resolution of Plaintiffs' claims, will injure Plaintiffs, and that there is a risk that witness memories will fade. However, discovery has been completed in this action, with only final pretrial proceedings and trial remaining. This posture significantly decreases the risk of fading memories impacting the outcome of this litigation.

The Court finds that, under the circumstances of this case, a stay of the proceedings is appropriate. The Court will thus exercise its discretion and stay these proceedings pending the outcome of the appeal.

2. Motion for Clarification

City Defendants seek clarification of the Court's Order regarding the denial of summary judgment on the state law claim against them. City Defendants argued in their motion for summary judgment (Doc. 299) that their use of force was reasonable and that

- 11 -

they were therefore immune from liability on the state law claim. The Court did not, in its Order (Doc. 442) denying summary judgment, separately discuss whether City Defendants were entitled to summary judgment on the state law claim. However, as discussed above and in the Court's Order (Doc. 442), the evidence viewed in the light most favorable to Plaintiffs demonstrates that Hanlon's and French's uses of force on Atencio were objectively *unreasonable*. Hence, Hanlon and French are not entitled to summary judgment based on the protection from liability provided by A.R.S. § 13-409 (providing defense of justification if certain conditions are met, including that a "*reasonable* person would believe that such force is immediately necessary" (emphasis added)).[2]

### C. **Arpaio's Motion to Clarify/Reconsider Ruling Arpaio Can be Responsible in Individual Capacity for Medical Defendants' Conduct (Doc. 448).**

Sheriff Arpaio's Motion to Clarify/Reconsider does not seek clarification as to the Court's Order but instead merely seeks to have the Court reconsider its previous rulings and repeats arguments made previously by Arpaio. The request for reconsideration will be denied as untimely. *See* LRCiv 7.2(g)(2) ("[A]ny motion for reconsideration shall be filed not later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion").

IT IS ORDERED that Plaintiffs' Motion to Certify Appeal as Frivolous (Doc. 454) is granted in part and denied in part. The motion is granted to the extent that Defendants seek to challenge on appeal the sufficiency of the evidence to support Plaintiffs' version of the facts and the Court's determination that a genuine issue of fact

---

[2] To the extent City Defendants seek reconsideration of the Court's denial of summary judgment on the state law claim, their request is untimely. *See* LRCiv 7.2(g)(2).

exists. The motion is otherwise denied.

IT IS FURTHER ORDERED that City Defendants' Motion to Stay Proceedings Pending Appeal (Doc. 447-1) is granted. The proceedings are stayed pending the outcome of the appeal to the U.S. Court of Appeals for the Ninth Circuit.

IT IS FURTHER ORDERED that City Defendants' Request for Clarification as to the State Law Claim Only (Doc. 447-2) is granted to the extent it seeks clarification. Defendants Hanlon and French are not entitled to summary judgment on the state law claims based on A.R.S. § 13-409. To the extent City Defendants seek reconsideration, the request is denied.

IT IS FURTHER ORDERED that Sheriff Arpaio's Separate Motion to Clarify/Reconsider Ruling that Arpaio can be Responsible in his Individual Capacity for the Medical Defendants' Conduct (Doc. 448) is denied.

Dated this 14th day of September, 2015.

Paul G. Rosenblatt
United States District Judge

- 13 -